■ RAYEK HINDI, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent.—In an action to recover under a fire insurance policy, the plaintiff appeals from an order of the Supreme Court, Kings County (Mirabile, J.), dated October 23, 1984, which, *inter alia,* granted the defendant's motion for summary judgment dismissing the complaint.

Order affirmed, with costs.

The plaintiff sues under a standard fire insurance policy to recover $36,421 for damages to his grocery store. By letter dated August 3, 1981, the defendant demanded proofs of loss from the plaintiff and provided two blank forms for that purpose. Subsequent thereto, the defendant, by notice of motion dated May 21, 1984, moved for summary judgment dis-

missing the complaint upon the ground that the plaintiff failed to render the requisite proofs of loss within 60 days of the written demand therefor in compliance with the terms of the policy and the Insurance Law. Special Term granted the defendant's motion and denied the plaintiff's motion for consolidation of this action with his pending action against the public adjusters retained by him. We agree.

It is well settled that the failure to file sworn proofs of loss within 60 days of the demand therefor constitutes an absolute defense to an action on a standard fire insurance policy *(see, Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201; Insurance Law former §§ 168, 172 [now §§ 3404, 3407, respectively]). It is conceded that the plaintiff received the written demand for the proofs of loss and that no such proofs were timely rendered to the defendant. Contrary to the plaintiff's argument, we do not find that the actions of the defendant's representatives rise to such a level as to warrant the application of equitable estoppel against the defendant. In any event, the plaintiff executed a nonwaiver agreement after the expiration of the 60-day period and cannot now contend that estoppel is warranted *(see, C.F.C. Realty Corp. v Empire Fire & Mar. Ins. Co.,* 110 AD2d 508). Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.