#### (March 7, 1988)

■ HEZGHIA ARYEH, Respondent, v WESTCHESTER FIRE INSURANCE COMPANY, Appellant, et al., Defendants.—In an action to recover the proceeds of an insurance policy, the defendant Westchester Fire Insurance Co. appeals from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered July 1, 1987, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion for summary judgment is granted, the complaint is dismissed insofar as it is

asserted against it, and the action against the remaining defendants is severed.

The plaintiff sues under a homeowner's insurance policy to recover for an alleged burglary loss at her Kings Point residence. By letter dated March 11, 1985, the appellant insurer demanded proofs of loss from the plaintiff and provided two blank forms for that purpose. Subsequent thereto, the appellant insurer moved for summary judgment dismissing the complaint insofar as it is asserted against it on the ground that the plaintiff had failed to render the requisite proofs of loss within 60 days of the written demand therefor in compliance with the terms of the policy and the Insurance Law.

It is well settled that the failure to file sworn proofs of loss within 60 days of the demand therefor constitutes an absolute defense to an action on an insurance policy absent a waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense *(see, Marino Constr. Corp. v INA Underwriters Ins. Co., 69 NY2d 798, 800; Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201).* In the instant case, it is undisputed that the plaintiff received the written demand for the proofs of loss and that no such proofs were timely rendered to the appellant. Contrary to the plaintiff's argument, we do not find that the actions of the appellant's representative rose to such a level as to warrant the application of equitable estoppel against it *(Hindi v New York Prop. Ins. Underwriting Assn., 120 AD2d 566, 567).* Moreover, the plaintiff's submission of an unsworn statement to substantiate her loss does not, as a matter of law, excuse her failure to file a timely proof of loss *(see, Marino Constr. Corp. v INA Underwriters Ins. Co., supra; Maleh v New York Prop. Ins. Underwriting Assn., 64 NY2d 613, 614).*

The plaintiff's argument that the insurer repudiated the policy and waived the defense of failure to file proof of loss by denying liability under the policy before it demanded proof of loss is belied by the record. The insurer did not unequivocally deny liability and, by her own admission, the insured did not rely on the alleged repudiation to her detriment (16C Appleman, Insurance Law and Practice § 9261).

Absent any evidence of "a gross and wanton fraud upon the public involving a high degree of moral culpability which does not involve an isolated transaction" *(Philips v Republic Ins. Co., 108 AD2d 845, 846, affd 65 NY2d 1000),* the plaintiff's claim for treble damages must fail as well. Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.