■ ELIZABETH GUADAGNO, Respondent, v COLONIAL COOPERATIVE INSURANCE COMPANY, Appellant.—Kane, J. Appeal from an order of the Supreme Court (Walsh, Jr., J.), entered February 5, 1988 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

When plaintiff initially commenced this action to recover the proceeds of an insurance policy issued by defendant, her complaint contained two causes of action. A motion by defendant to dismiss the complaint in its entirety was granted. On appeal, however, this court modified by affirming the dismissal of the first cause of action while reinstating the second cause of action (101 AD2d 947).

The first cause of action had alleged a claim for loss under the policy of insurance, and since plaintiff had failed to file a proof of loss statement with defendant, defendant as a matter of law could not be held liable to plaintiff under the policy *(supra; see,* Insurance Law former § 172). The second cause of action, however, sought recovery for breach of an agreement of compromise and settlement allegedly entered into between the parties. With respect to this cause of action, we noted that the motion to dismiss had been made prior to joinder of issue and that the question of whether there had been compliance with the terms of the settlement could not be resolved at the pleading stage (101 AD2d 947, 948, *supra).* Therefore, dismissal of the second cause of action was deemed premature *(supra).* Subsequently, after answering, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to file a proof of loss form with defendant within the 60-day time limitation of Insurance Law former § 172 or, in the alternative, that plaintiff had failed to comply with a condition precedent to the settlement offer requiring plaintiff to execute and file a proof of loss statement with defendant.

In support of the motion defendant submitted affidavits, as well as a letter wherein plaintiff was requested to sign a proof of loss statement. Plaintiff, in opposition, submitted an affidavit arguing that the settlement offer had been made and accepted without any condition that she first submit a proof of loss statement. Supreme Court determined that questions of fact existed and denied summary judgment. Defendant has appealed.

We affirm. Initially, we reject the argument that the 60-day time limitation of Insurance Law former § 172 applies to the second cause of action. That cause of action sought to enforce a settlement agreement and not the terms of the insurance policy itself *(cf., Hindi v New York Prop. Ins. Underwriting Assn.,* 120 AD2d 566, 567).

We are also in agreement with Supreme Court's determination that sufficient factual issues were raised concerning the

terms of the agreement and that a trial was therefore required. The affidavits were clearly designed to promote the parties respective position *(see, 175 Check Cashing Corp. v Chubb Pac. Indem. Group,* 95 AD2d 701). As the court noted, the credibility of the parties was involved and where that is the case an award of summary judgment is not proper *(see, Della Porta v Hartford Fire Ins. Co.,* 118 AD2d 1045, 1046; *175 Check Cashing Corp. v Chubb Pac. Indem. Group, supra).* Further, the letter by itself does not answer the question of whether the settlement agreement was entered into contingent on the execution of a proof of loss statement. Accordingly, the motion for summary judgment was properly denied and the decision should be affirmed.

One final matter, however, warrants discussion. There was a significant delay by plaintiff's counsel in filing a brief on this appeal. Therefore, we have exercised our discretion in this matter by imposing costs against plaintiff's counsel pursuant to 22 NYCRR 800.9 (d).

Order affirmed, with costs to defendant against plaintiff's counsel. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.