■ PATRICK BROSTOWIN, Doing Business as G&M STATIONERY, Respondent, v HANOVER INSURANCE COMPANY, Appellant, and JERRY SHERMAN, Doing Business as SHERMAN INTERNATIONAL PUBLIC ADJUSTERS, Respondent.—In an action to recover under a fire insurance policy, the defendant Hanover Insurance Company appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated December 9, 1988, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and the cross claim against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint insofar as it is asserted against Hanover Insurance Company and cross claim against it are dismissed, and the action against the remaining defendant is severed.

On April 4, 1984, the plaintiff's stationery store, which was covered by an insurance policy issued by the defendant Hanover Insurance Company (hereinafter Hanover), was destroyed by fire. Some six months later, by letter dated September 25, 1984, Hanover requested the plaintiff to submit sworn statements of loss within 60 days of receipt of the letter. The plaintiff received the demand on October 9, 1984; however, the proofs of loss were not mailed by the plaintiff's retained adjuster, the defendant Sherman, until December 10, 1984. The defendant Hanover received the proofs of loss on December 11, 1984, which was after the 60-day period had expired, and promptly denied the claim. Thereafter, the plaintiff commenced this action against both Hanover and Sherman.

Hanover moved for summary judgment dismissing the complaint insofar as it is asserted against it and Sherman's cross claim against it, on the basis that the failure of the plaintiff to timely file the sworn statements of loss as demanded relieved it of all liability. We find that the Supreme Court erred in denying the motion.

It is well-settled law that failure to file sworn proofs of loss within 60 days of the demand therefor constitutes an absolute defense to an action on an insurance policy absent a waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense (see, Marino Constr. Corp. v INA Underwriters Ins. Co., 69 NY2d 798; Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201; Aryeh v Westchester Fire Ins. Co., 138 AD2d 337). In the instant case, the plaintiff admits that he received the letter, and that he read it and understood it. The letter clearly stated that proofs of loss must be submitted within 60 days. Thus, the plaintiff cannot properly rely on any prior representations which Hanover's adjuster allegedly made to him. The theory of waiver is, therefore, inapplicable here (see, Frank Corp. v Federal Ins. Co., 70 NY2d 966).

Nor can the plaintiff rely on the doctrine of equitable estoppel, for the record contains no evidence of conduct on the part of Hanover which could have reasonably lulled the plaintiff into inaction. Assuming, arguendo, that there was such conduct, the plaintiff's act of sending the letter and the enclosed blank forms to Sherman indicates that he did not rely on it to his detriment. He cannot therefore evoke the doctrine of estoppel (see, Matter of E.F.S. Ventures Corp. v Foster, 71 NY2d 359; Triple Cities Constr. Co. v Maryland Cas. Co., 4 NY2d 443). That copies of the letter and forms were not sent by Hanover to Sherman is immaterial because the plain-

tiff sent them to Sherman within a few days of receiving them. Lawrence, J. P., Rubin, Balletta and Rosenblatt, JJ., concur.