■ FRANK HOLMES et al., Appellants, v SKIL CORPORATION, Respondent.—Order of the Supreme Court, New York County (Burton S. Sherman, J.), entered August 24, 1989, which, upon renewal, granted defendant's motion for summary judgment, pursuant to CPLR 3212, dismissing plaintiffs' complaint on

the ground of release, with leave to renew, unanimously affirmed, without costs. The appeal from the order of the same court, entered June 9, 1989, which denied defendant's motion for summary judgment with leave to renew, is unanimously dismissed as academic, without costs.

Plaintiffs commenced a personal injury action against defendant and allegedly were informed that defendant was self-insured. However, they later received notice that defendant was covered by insurance obtained by its parent company from Integrity Insurance Company, which was in liquidation, and filed a proof of claim against Integrity. Plaintiffs were later given notice by the Missouri Insurance Guaranty Association (MIGA) that the Integrity claim had been referred to it upon Integrity's insolvency and that, pursuant to Missouri Insurance Guaranty Association Act (Mo Rev Stat § 375.785 [4] [1] [a] [c]), "the filing of such claim shall constitute an unconditional general release of all liability of such insured in connection with such claim". Plaintiffs did not avail themselves of the statutory opportunity to withdraw the claim, of which they had been informed.

Plaintiffs cannot avoid the release by purported reliance upon representations of defendant's prior counsel that defendant was self-insured. (Brostowin v Hanover Ins. Co., 154 AD2d 418, 419.) The record clearly demonstrates that plaintiffs, in filing the proof of claim with MIGA, knowingly released their claim against defendant, in accordance with the above statute. Concur—Carro, J. P., Rosenberger, Kassal, Ellerin and Wallach, JJ.