■ New York Property Insurance Underwriting Association, Respondent, v Primary Realty Inc., Appellant, et al., Defendants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered July 18, 1989, which, *inter alia,* granted reargument, and upon reargument, granted plaintiff's motion for summary judgment on the complaint and for summary judgment dismissing the counterclaim, unanimously affirmed, without costs.

Defendants, plaintiff's insureds, suffered a fire loss to certain Bronx premises on September 4, 1987. By letter dated December 28, 1987, received by defendant Primary on January 8, 1988, plaintiff demanded sworn proofs of loss, as could be required under the standard fire insurance policy. In response, Primary submitted unexecuted, unsworn proof of loss forms on February 16, 1988, the day on which an examination under oath of Primary's president was conducted by plaintiff. During the examination, the proof of loss forms were marked as exhibits and identified by defendant's president, but he did not testify as to the accuracy of the contents of the forms. By letter of February 17, 1988, plaintiff rejected the submitted documents on the grounds that they were not signed or sworn in accordance with the terms of the insurance policy, advising defendant that the time within which to comply with the terms of the policy was not extended. Nevertheless, plaintiff again demanded proofs of loss by letter dated February 24, 1988. Properly executed and sworn proofs of loss were not

submitted until March 28, 1988, 20 days beyond the 60-day period set by the standard fire insurance policy.

The untimely submission of properly executed proofs of loss was fatal to defendant's claim, nor did participation in oral examinations discharge defendant's obligation to submit sworn proofs of loss consistent with the terms of the insurance policy. (Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201; Maleh v New York Prop. Ins. Underwriting Assn., 64 NY2d 613.) Primary's contention that there was substantial compliance with the requirements of the insurance policy, by virtue of its president's testimony given in an examination under oath, must be rejected, since he did not verify the accuracy of the contents of the documents submitted to plaintiff on February 16, 1988.

We have reviewed defendant's other arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.