■ LAURA MELAMUDOV et al., Respondents, v COLONIA INSURANCE COMPANY, Appellant. [609 NYS2d 287] —In an action to recover damages for breach of an insurance policy, the defendant appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), entered April 14, 1992, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiffs, the insured of the defendant Colonia Insurance Company (hereinafter Colonia), suffered a loss when a Brooklyn premises and its contents were damaged by fire.

Colonia demanded that the plaintiffs submit a sworn state-

ment in a proof-of-loss form, pursuant to the terms of the standard fire insurance policy. In response, the plaintiffs allege that their son submitted a statement in proof-of-loss, duly executed by the plaintiff Philip Melamudov, and a three-page rider, setting forth a description of the items destroyed as a result of the fire, to the H. L. Roth Agency, Inc. (hereinafter H. L. Roth), assuming that H. L. Roth would forward the documents to Colonia. In support of their contention, the plaintiffs produced a copy of an unsigned statement in proof-of-loss and a three-page machinery rider, setting forth items which were either destroyed or lost as a result of the fire.

H. L. Roth, the broker which placed the policy, and Colonia both denied receiving the plaintiffs' unsigned proof-of-loss statement.

Even if we assume that Colonia received the plaintiffs' proof-of-loss statement within 60 days, the plaintiffs' failure to properly swear to the contents of the proof-of-loss statement is an absolute bar to their claim on the policy (see, Insurance Law § 3407 [a]; *Maleh v New York Prop. Ins. Underwriting Assn.*, 64 NY2d 613; *Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201; *New York Prop. Ins. Underwriting Assn. v Primary Realty*, 166 AD2d 376; *Pioneer Ins. Co. v Deleo*, 167 AD2d 795).

We have reviewed the parties' remaining contentions and find them to be without merit. Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.