■ GERALDINE B. LITTER, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [617 NYS2d 205] —In an action to recover money under an insurance policy, the defendant appeals from so much of an order of the Supreme Court, Orange County (Miller, J.), dated April 5, 1993, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's cross motion for summary judgment is granted, and the complaint is dismissed.

The defendant Allstate Insurance Company (hereinafter Allstate) demanded that the plaintiff submit a sworn statement on a proof of loss form, pursuant to the terms of the applicable fire insurance policy. In response, the independent public adjuster hired by the plaintiff furnished Allstate with an unsworn building estimate setting forth the extent of the fire damage. When Allstate did not receive the plaintiff's sworn proof of loss statement within 60 days, Allstate notified the plaintiff that it was rejecting her claim. The plaintiff then commenced this action.

The plaintiff's failure to submit a sworn proof of loss statement within 60 days of Allstate's request is an absolute bar to her claim on the policy *(see, Maleh v New York Prop. Ins. Underwriting Assn.,* 64 NY2d 613; *Melamudov v Colonia Ins.*

*Co.*, 202 AD2d 557). The building estimate is an insufficient proof of loss statement because the adjuster did not verify the accuracy of its contents *(see, Melamudov v Colonia Ins. Co., supra; New York Prop. Ins. Underwriting Assn. v Primary Realty*, 166 AD2d 376; *Aryeh v Westchester Fire Ins. Co.*, 138 AD2d 337). Accordingly, Allstate's cross motion for summary judgment is granted and the complaint is dismissed. Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.