[621 NYS2d 161]

GRACE ROUNDPOINT et al., Respondents, v V.N.A., INC., Doing Business as CEDARVIEW GOLF CLUB, Appellant.

Third Department, January 5, 1995

APPEARANCES OF COUNSEL

*Fischer, Bessette & Muldowney,* Malone *(Richard Hunter* of counsel), for appellant.

*John A. Piasecki,* Malone, for respondents.

## OPINION OF THE COURT

WHITE, J.

Plaintiffs commenced this negligence action seeking damages and derivative losses they purportedly sustained when, as she was exiting defendant's clubhouse on May 1, 1991, plaintiff Grace Roundpoint fell on an allegedly wet and slippery handicap entrance ramp leading from the side entrance of the clubhouse to a parking lot. Following completion of discovery, defendant moved for summary judgment dismissing the com-

plaint. Plaintiffs responded by submitting an affidavit from Marc Camens, an architect, who opined that the subject ramp was a hazard and dangerous. Defendant then moved to disqualify plaintiffs' attorney and preclude Camens from testifying on the ground of conflict of interest. Supreme Court denied both motions, prompting this appeal by defendant.*

Although, as a general proposition, a party has the right to present the testimony that best supports its position *(see, Tiborsky v Martorella,* 188 AD2d 795, 797), it has been recognized that a court has inherent power to disqualify an expert witness to preserve the fairness and integrity of the judicial process *(see, Paul v Rawlings Sporting Goods Co.,* 123 FRD 271). Defendant urges us to exercise this power here in light of Camens' purported conflict of interest.

██ To resolve the issue of whether a claimed conflict of interest disqualifies an expert, courts have used a two-step analysis, first seeking to determine if it was objectively reasonable for the party claiming to have initially retained the expert to conclude that a confidential relationship existed between them and then, secondly, to ascertain if any confidential or privileged information was disclosed by said party to the expert *(see, Wang Labs. v Toshiba Corp.,* 762 F Supp 1246, 1248; *Great Lakes Dredge & Dock Co. v Harnischfeger Corp.,* 734 F Supp 334, 337; *Shadow Traffic Network v Superior Ct.,* 24 Cal App 4th 1067, 29 Cal Rptr 2d 693). Affirmative answers to both inquiries requires disqualification while negative responses to either inquiry will likely result in a finding that disqualification would not be appropriate *(see, Wang Labs. v Toshiba Corp., supra,* at 1248).

Thus, an expert was not disqualified where there was a confidential relationship but no confidential disclosure of information *(see, English Feedlot v Norden Labs.,* 833 F Supp 1498, 1502) or where there was an absence of a confidential relationship even though some disclosure of confidential information occurred *(see, Estate of Halas v Commissioner of Internal Revenue,* 94 TC 570). On the other hand, an expert was disqualified from testifying for the defendant where the plaintiff's attorney, intending to hire him, had several contacts with the expert, provided him with confidential information and the expert rendered a report based on this confiden-

---

* Defendant's brief does not discuss Supreme Court's denial of its motion to disqualify plaintiffs' counsel. Thus, we deem this issue abandoned *(see, Morey v Sings,* 174 AD2d 870).

tial information *(see, Wang Labs. v Toshiba Corp., supra,* at 1249).

In this case, defendant retained Camens in 1992 to design renovations to its clubhouse including a new handicap entranceway ramp, which work was completed before plaintiffs retained Camens. Notably, there is no showing by defendant that its employment of Camens encompassed any matter involved in this lawsuit.

Applying the two-step analysis to these facts, we find that there were no objectively reasonable grounds for defendant to conclude that hiring Camens gave rise to a confidential relationship, and defendant has not shown that it imparted any confidential information to Camens or that he had access to such information. Therefore, because we have obtained negative responses to both inquiries, we conclude there is no basis to disqualify Camens on the grounds of conflict of interest.

■ Defendant's secondary arguments for precluding Camens' testimony also lack merit. Contrary to defendant's assertion, Camens' reliance upon his personal knowledge of defendant's clubhouse and his examination of photographs of the subject ramp as it existed at the time of the accident provided a sufficient foundation for his opinion (Richardson, Evidence § 369 [Prince 10th ed]). Additionally, the weight accorded to Camens' opinion and his credibility are matters outside the scope of a summary judgment motion as they are issues solely within the province of the jury *(see, Forte v Weiner,* 200 AD2d 421, 422; *Guadagno v Colonial Coop. Ins. Co.,* 145 AD2d 804, 805-806). We further note that the mere fact that plaintiffs have allegedly not responded to defendant's demand for expert witness information does *not,* in the absence of an order, preclude Camens' testimony *(see,* CPLR 3101 [d] [1] [i]).

■ To succeed on its motion for summary judgment, defendant was required to come forward with admissible proof showing that plaintiffs' cause of action has no merit *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967). Defendant contends that it satisfied its burden with proof that it had no actual or constructive notice of the allegedly dangerous condition of the ramp *(see, Browne v Big V Supermarkets,* 188 AD2d 798, *lv denied* 81 NY2d 708). Plaintiffs, however, have created an issue of fact as to defendant's liability with proof that defendant created the dangerous condition, thereby negating defendant's argument regarding notice *(see, Gaither*

*v Saga Corp.,* 203 AD2d 239; *Ohanessian v Chase Manhattan Realty Leasing Corp.,* 193 AD2d 567). Accordingly, we shall affirm Supreme Court's denial of defendant's motion for summary judgment.

MIKOLL, J. P., MERCURE, CREW III and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, with costs.