■ CLAUDIA GOLDMAN, Appellant, v ALLSTATE INSURANCE COMPANIES et al., Respondents. [631 NYS2d 893] —In an action to

recover proceeds due under an insurance policy, the plaintiff appeals, as limited by her brief, from stated portions of (1) an order of the Supreme Court, Orange County (Owen, J.), dated April 14, 1994, which, *inter alia,* granted the motion of the defendant Allstate Insurance Companies for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) an order of the same court, dated November 23, 1994, which, *inter alia,* denied the plaintiff's motion to vacate an order of the same court, dated May 25, 1994.

Ordered that the order dated April 14, 1994, is affirmed insofar as appealed from; and it it further,

Ordered that the order dated November 23, 1994, is affirmed insofar as appealed from, for reasons stated by Justice Owen at the Supreme Court; and it is further,

Ordered that the defendants are awarded one bill of costs.

With respect to the order dated April 14, 1994, it is well settled that a claimant's failure to file sworn proof of loss within 60 days after the demand therefor constitutes an absolute defense to an action to recover damages under an insurance policy absent a waiver of the requirement by the insurance carrier or conduct on its part estopping its assertion of the defense *(see, Marino Constr. Corp. v INA Underwriters Ins. Co.,* 69 NY2d 798; *Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201; *Litter v Allstate Ins. Co.,* 208 AD2d 602). Contrary to the plaintiff's contention, the court did not err in granting the motion of Allstate Insurance Companies (hereinafter Allstate) for summary judgment. The plaintiff failed to file proof of loss within the 60-day deadline and the evidence does not support the allegation that Allstate waived the proof of loss requirement or that it should be estopped from asserting the defense *(see, Marino Constr. Corp. v INA Underwriters Ins. Co., supra; Maleh v New York Prop. Ins. Underwriting Assn.,* 64 NY2d 613; *Brostowin v Hanover Ins. Co.,* 154 AD2d 418; *Hindi v New York Prop. Ins. Underwriting Assn.,* 120 AD2d 566). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.