DUANE READE, INC., Plaintiff,

v.

ST. PAUL FIRE & MARINE
INSURANCE COMPANY,
Defendant.

No. 02 Civ. 7676(JSR).

United States District Court,
S.D. New York.

April 30, 2003.

James W.B. Benkard, Davis Polk & Wardwell, New York City, for Plaintiff.

Michael S. Levine, Lon A. Berk (Admitted pro hac vice at IPC on November 26, 2002), Erik Matthew Figlio (Admitted pro hac vice December 19, 2002), John P. Malloy (Admitted pro hac vice per order dated December 26, 2002), Charles A. Cowan (Admitted pro hac vice per order dated January 30, 2003), Edward J. Grass (Admitted pro hac vice per order dated March 25, 2003), Shaw Pittman, LLP, McLean, VA, for Defendant.

### MEMORANDUM ORDER

RAKOFF, District Judge.

This Memorandum Order will serve to confirm the Court's telephonic rulings of April 4, 2003 granting in part and denying in part defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and denying in its entirety defendant's motion to compel appraisal.

Prior to September 11, 2001, plaintiff operated a drugstore in the World Trade Center in downtown Manhattan. When the World Trade Center, along with plaintiff's store, was destroyed, plaintiff sought coverage for "business interruption losses" under an insurance policy issued by defendant. It soon developed that there was a dispute between the parties as to whether plaintiff has a right under the policy to recover business interruption losses for the entire period until the World Trade Center is rebuilt (if it is) or whether plaintiff's recoverable losses are limited to those suffered within 21 months following the terrorist attacks. *See* Complaint and Jury Demand ("Complaint") ¶ 36; Amended Answer, Affirmative Defenses and Counterclaim ("Amended Answer") ¶¶ 19, 36. When the parties were unable to resolve this and other, related disputes, the instant lawsuit followed.

■ Defendant seeks dismissal of the complaint on the ground that the claims asserted therein are not yet ripe. Ripeness is jurisdictional in nature and therefore properly considered on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules. *See* Fed.R.Civ.P. 12(b)(1); *Auerbach v. Board of Educ.*, 136 F.3d 104, 108–09 (2d Cir.1998); *Liberty Cable Co. v. City of New York*, 893 F.Supp. 191, 199 n. 11 (S.D.N.Y.), *aff'd* 60 F.3d 961 (2d Cir. 1995). In resolving a Rule 12(b)(1) motion, the Court may consider matters outside the pleadings. *See, e.g., Luckett v. Bure*, 290 F.3d 493, 496–97 (2d Cir.2002).

■ Plaintiff's complaint alleges four causes of action, two of which seek damages for breach of contract (counts 1 and

3) and two of which seek declaratory relief (counts 2 and 4). With respect to the breach of contract claims, the insurance contract between the parties expressly provides that defendant's payment obligation only arises 30 days after "presentation and acceptance [by defendant] of proofs of loss," Affidavit of Erik M. Figlio, Ex. A (St. Paul Policy) ¶ 32. Here, it is undisputed that plaintiff has not yet filed a proof of loss. Accordingly, payment by defendant is not yet due, and plaintiff's claims for contractual damages are premature.

Plaintiff seeks to avoid this result by arguing that: (1) it substantially complied with the proof of loss condition by submitting to defendant a report prepared by an outside accountant (the "CAPS" report); (2) defendant waived its right to demand a proof of loss by counterclaiming for fraud and asserting a general denial of liability in its answer; and (3) defendant waived its right to demand a proof of loss by failing to assert plaintiff's failure to provide a proof of loss as an affirmative defense. None of these arguments is persuasive.

First, because of the importance to virtually every insurance dispute of a formal proof of loss, substitutes therefor will not lightly be entertained under New York law (which here governs) and must, at a minimum, be signed by the insured and, preferably, be sworn. See Harris v. Allstate Ins. Co., 83 F.Supp.2d 423, 429–30 (S.D.N.Y.2000); Aryeh v. Westchester Fire Ins. Co., 138 A.D.2d 337, 525 N.Y.S.2d 628, 629 (2d Dep't 1988). Since the CAPS report is neither sworn nor even signed by the insured, it is not an adequate substitute for a proof of loss.

Second, while it is true that an insurer's repudiation of liability *prior to litigation* excuses the insured's further obligations under the policy, see, e.g., Lentini Bros. Moving & Storage Co., Inc. v. New

*York Property Ins. Underwriting Ass'n,* 53 N.Y.2d 835, 836, 440 N.Y.S.2d 174, 422 N.E.2d 819 (1981); *Beckley v. Otsego County Farmers Coop. Fire Ins. Co.,* 3 A.D.2d 190, 159 N.Y.S.2d 270, 274 (3d Dep't 1957), the same is not true when the insurer disclaims liability *after* the insured has filed suit. See Richardson v. Merrimack Mutual Fire Ins. Co., 2000 WL 297171, at *5 n. 3 (S.D.N.Y. Mar. 21, 2000); Lentini Bros., 53 N.Y.2d at 836, 440 N.Y.S.2d 174, 422 N.E.2d 819. Any other result would in effect be contrary to the standard and salutary rule that a party may plead in the alternative.

Third, and relatedly, defendant's assertion of an affirmative defense of failure to "satisfy conditions precedent to coverage" under the policy, see Amended Answer at 9 (Third Affirmative Defense), must be read to encompass a defense of failure to provide a proof of loss, since the parties' agreement clearly contemplates that filing of a proof of loss is a condition precedent to recovery. See, e.g., Affidavit of Erik M. Figlio, Ex. A (St. Paul Policy), at ¶¶ 29, 32 & 39.

Accordingly, counts 1 and 3 must be dismissed, without prejudice, as unripe. By contrast, however, counts 2 and 4, which seek declaratory relief, survive defendant's motion. "[T]he standard for ripeness in a declaratory judgment action is 'whether ... there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Pedre Co. v. Robins, 901 F.Supp. 660, 663 (S.D.N.Y.1995) (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)). Here, defendant itself concedes that there exists "an actual and continuing controversy" between the parties, see Amended Answer at 20, and judg-

ment on counts 2 and 4 will almost certainly resolve the primary issue in this case as to scope of coverage. Accordingly, the motion to dismiss counts 2 and 4 is denied.

 Finally, defendant's motion to compel appraisal of plaintiff's claims must be denied as premature. While defendant argues that the insurer has a right under the policy to demand appraisal, it is not always appropriate for such appraisal to occur before other issues are resolved. In particular, "[a] dispute between the parties that 'goes to coverage under the policy and can only be resolved by analysis and application of the policy' is not appropriate for appraisal." *Indian Chef, Inc. v. Fire & Cas. Ins. Co.*, No. 02 Civ. 3401, 2003 WL 329054, at *3 (S.D.N.Y. Feb. 13, 2003) (quoting *Kawa v. Nationwide Mut. Fire Ins. Co.*, 174 Misc.2d 407, 664 N.Y.S.2d 430, 431 (N.Y.Sup.Ct.1997)). Given the dismissal of the breach of contract claims and the reduction of the case to claims for declaratory judgment regarding scope of coverage and related issues, this becomes such a case where appraisal is premature.

For the foregoing reasons, defendant's motion to dismiss counts 1 and 3 is granted, defendant's motion to dismiss counts 2 and 4 is denied, and defendant's motion to compel an appraisal is denied.

SO ORDERED.