Manna Amsterdam Ave. LLC v West 73rd Tenants Corp. (2024 NY Slip Op 01892)

Manna Amsterdam Ave. LLC v West 73rd Tenants Corp.

2024 NY Slip Op 01892

Decided on April 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 09, 2024

Before: Webber, J.P., Moulton, Kennedy, Rodriguez, O'Neill Levy, JJ. 

Index No. 157764/17 Appeal No. 2009 Case No. 2023-00795 

[*1]Manna Amsterdam Avenue LLC, Doing Business as Gina La Fornarina, Appellant,
v
West 73rd Tenants Corp. et al., Respondents, John Does/ABC Companies 1-10 et al., Defendants.

Melito & Adolfsen P.C., New York (Steven I. Lewbel of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for respondents.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered January 25, 2023, which granted defendants' motion to disqualify plaintiff's damage expert due to a conflict of interest, unanimously affirmed, without costs.
A court has the inherent power to disqualify an expert witness to preserve the fairness and integrity of the judicial process (see Roundpoint v V.N.A., Inc., 207 AD2d 123, 125 [3d Dept 1995]). Disqualification of an expert based on a conflict of interest is required when the court finds both: (1) that it was objectively reasonable for a party claiming to have initially retained the expert to conclude that a confidential relationship existed between them and (2) that confidential or privileged information was disclosed by the party to the expert (see id.; see also Winzelberg v 1319 50th St. Realty Corp., 114 AD3d 673, 673 [2d Dept 2014]).
Here, Supreme Court providently exercised its discretion in granting the motion to disqualify plaintiff's damages expert, Chris P. Mortifoglio, due to the conflict of interest created when his firm hired an employee who worked for defendants' expert, Mark S. Gottlieb, CPA, PC, during the pendency of this action. Defendants demonstrated that the employee actively participated in the preparation of defense litigation strategies while employed by Gottlieb. The employee admittedly reviewed and analyzed plaintiff's documents on defendants' behalf, prepared or had input in drafting documents summarizing plaintiff's financial data, and communicated with and attended meetings with defendants' counsel. Accordingly, defendants had a reasonable expectation of a confidential relationship with the employee, and confidences were actually exchanged with him, satisfying both prongs of the expert disqualification test (see Roundpoint, 207 AD2d at 125).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 9, 2024