Brooklyn Union Gas Co. v Century Indem. Co. (2025 NY Slip Op 02001)

Brooklyn Union Gas Co. v Century Indem. Co.

2025 NY Slip Op 02001

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Webber, J.P., Kennedy, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 403087/02 603405/01 |Appeal No. 4033-4034|Case No. 2024-06579, 2024-06580|

[*1]Brooklyn Union Gas Company, Plaintiff-Respondent,
v
Century Indemnity Company, Defendant-Appellant, Munich Reinsurance America Inc., Defendant.
Century Indemnity Company, Plaintiff-Appellant,
v
Brooklyn Union Gas Company, Defendant-Respondent, American Re Insurance Co., et al., Defendants.

O'Melveny & Myers LLP, New York (Anton Metlitsky of counsel), for appellant.
Covington & Burling LLP, New York (David A. Luttinger, Jr. of the bar of the District of Columbia, admitted pro hac vice, of counsel), and Covington & Burling LLP, Washington, DC (Mark W. Mosier of the bar of the District of Columbia, admitted pro hac vice, of counsel), for respondent.

Orders, Supreme Court, New York County (Gerald Lebovits, J.), entered October 2, 2024, which, to the extent appealed from as limited by the briefs, granted Brooklyn Union Gas Company's motion to disqualify two individuals from serving as expert witnesses for Century Indemnity Company in connection with cases under Index Nos. 403087/02 and 603405/01, unanimously affirmed, with costs.
The court providently exercised its discretion in granting Brooklyn Union's motion to disqualify based on a conflict of interest. As the court explained in detail, the record establishes that it was objectively reasonable for Brooklyn Union to conclude that a confidential relationship existed with the individuals in question, and also that confidential or privileged information was disclosed by Brooklyn Union to these individuals (see Manna Amsterdam Ave. LLC v West 73rd Tenants Corp., 226 AD3d 456, 457 [1st Dept 2024]; Roundpoint v V.N.A., Inc., 207 AD2d 123, 125 [3d Dept 1995]).
We reject Century's request that we adopt an additional requirement that a movant also establish that they would be prejudiced if the specific confidential disclosures made to the expert were revealed. It is well settled that a court has the inherent power to disqualify an expert in order to preserve the fairness and integrity of the judicial process (Roundpoint, 207 AD2d at 125). In order to obtain disqualification, a movant is not required to establish that specific disclosures made to the expert would prejudice them if they were to be revealed by the expert (see Manna Amsterdam Ave. LLC, 226 AD3d at 457; Roundpoint, 207 AD2d at 125; Matter of New York City Policing During Summer 2020 Demonstrations, 2022 WL 203191, *4, 2022 US Dist LEXIS 12785, *12 [SD NY, Jan. 24, 2022, 20 Civ 8924 (CM) (GWG)]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025