■ P.S. Auctions, Inc., Respondent, v Exchange Mutual Insurance Company et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered August 11, 1983 in Albany County, which, *inter alia,* granted plaintiff's motion for partial summary judgment as to the first cause of action in the amended complaint and denied defendants' cross motion for summary judgment as to the third cause of action in the amended complaint.

On February 25, 1982, a 1977 Peterbilt tractor owned by plaintiff was damaged in an automobile accident in the City of Albany. Plaintiff's president, Paul Siegal, reported the loss to defendant Exchange Mutual Insurance Company (insurer), the company's collision insurance carrier. A Department of Motor Vehicles accident report was also supplied to the insurer. Defendant John Rodd, Jr., a claims adjuster for the insurer, inspected the tractor on March 16, 1982, and was presented on that date with a written repair estimate which had been prepared for plaintiff by Rensselaer Truck Center, Inc. The cost of repair was listed at $27,188.80. Rodd retained the services of defendant Robert Henry, a property appraiser for Property Damage Appraisers of Albany. After inspection of the vehicle, Henry prepared a written appraisal which fixed the cost of repairs at $7,323.89. Henry's appraisal report also listed companies which had indicated that they would repair the tractor for that sum. Siegal contacted a representative of one of the companies and was informed that the company would not repair the vehicle for the price quoted by Henry and that the company never inspected the vehicle and was never contacted by Henry or Rodd. Siegal conveyed this information to Henry and Rodd, and he alleges that Henry told him that it was the policy of the insurer to delay settlement of losses until the finance company repossessed the

vehicle and the issue of settlement would be resolved with the finance company at that time.

Plaintiff initiated this action in June of 1982 alleging six causes of action, only two of which are germane to this appeal. The first cause of action alleges that defendants willfully, wrongfully and unreasonably delayed and refused to pay plaintiff the amount due under the insurance policy. The third cause of action alleges that defendants fraudulently and intentionally delayed and impeded the prompt and fair settlement of plaintiff's claim and conspired to do the same, for which both compensatory and punitive damages are demanded. Special Term granted plaintiff's motion for partial summary judgment on the first cause of action and set it down for a trial on damages. Special Term denied defendants' cross motion to dismiss the third cause of action since triable issues of fact were raised. This appeal by defendants ensued.[*]

We find that Special Term correctly granted plaintiff's motion for partial summary judgment as to the first cause of action. Defendants do not contest the fact that plaintiff suffered a loss covered by the insurance policy. However, defendants maintain that a valid defense exists that should defeat plaintiff's cause of action for breach of contract. Specifically, defendants submit that plaintiff failed to meet a condition precedent set forth in the insurance policy which provides that "to recover for loss to a covered auto or its equipment you must do the following: * * * Submit a proof of loss when required by us". While defendants are correct in contending that where an insurer has demanded proof of loss from the insured and has supplied the insured with a form upon which to do so, the failure to submit a proof of loss is a defense to the insured's claim under the policy (Insurance Law, § 172, subd 1), it is clearly evident from the content of Rodd's affidavit submitted in opposition to plaintiff's motion that he had been presented on March 16, 1982 with a repair estimate which had been prepared by Rensselaer Truck Center, Inc., on behalf of plaintiff. That repair estimate identified the parts of the tractor requiring repair and provided an estimate of the costs of such repairs. Moreover, the affidavit of plaintiff's president states that on March 21, 1982, he presented defendants with a second estimate prepared by Gallagher Truck Center which contained the same information set forth in the Rensselaer estimate. While it might have been better practice for plaintiff to attach the two estimates to the proof of loss form

---

[*] That part of defendants' cross motion for summary judgment dismissing plaintiff's fourth cause of action, an alleged breach of section 40-d of the Insurance Law, was granted by Special Term, and no appeal or cross appeal has been taken by plaintiff.

supplied by defendants, no particular form of proof of loss is required as long as the proof submitted is sufficient to enable the insurer to consider its rights and liabilities (*D.C.G. Trucking Corp. v Zurich Ins. Co.,* 81 AD2d 990, 991, mot for lv to app den 54 NY2d 605). Moreover, provisions in an insurance contract for furnishing notice and proof of loss are to be liberally construed in favor of the insured (*Wachtel v Equitable Life Assur. Soc.,* 266 NY 345, 351). Substantial and not strict compliance with the provision of such forms is all that is required. Accordingly, since there is no dispute that plaintiff suffered a loss, Special Term was correct in granting plaintiff partial summary judgment on the issue of liability on the first cause of action.

Turning to defendants' cross motion for summary judgment dismissing plaintiff's third cause of action, we reject defendants' contention that plaintiff failed to set forth sufficient details in its amended complaint indicating fraudulent conduct and a conspiracy to commit fraudulent acts by defendants in contravention of the requirements of CPLR 3016 (subd [b]). That statute provides that "[w]here a cause of action * * * is based upon * * * fraud * * * the circumstances constituting the wrong shall be stated in detail". Here, however, defendants have exclusive knowledge as to whether the damage to plaintiff's tractor was intentionally understated in their repair estimate so as to deprive plaintiff of the total amount due under the policy. Further, the affidavit of plaintiff's president related a conversation in which defendant Henry stated that it was his employer's policy to delay settlement until the vehicle was repossessed by the finance company. Under the facts of this case, plaintiff's failure to set forth the detailed circumstances constituting the fraud or conspiracy to commit fraud, as required by CPLR 3016 (subd [b]), is no basis for a grant of summary judgment to defendants. It is impossible to state in detail the circumstances constituting fraud when those circumstances are peculiarly within the knowledge of the party moving for summary relief (see *Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194).

We also reject defendants' contention that the amended complaint fails to state a cause of action for either fraud or conspiracy to commit fraud. Defendants have failed to indicate in any of their pleadings or supporting affidavits which element or elements of either claim plaintiff failed to state. Since this issue was not raised in the pleadings before Special Term, it cannot be raised for the first time on appeal (see *Board of Trustees v Pyramid Cos.,* 51 AD2d 414, 416).

Finally, with respect to that part of defendants' motion for summary judgment dismissing the third cause of action which

seeks to deny plaintiff the right to seek punitive damages, we note again that defendants have exclusive knowledge of the circumstances in which the alleged fraud was perpetrated (*Jered Contr. Corp. v New York City Tr. Auth., supra*). Whether the alleged fraudulent conduct is so morally culpable as to justify the imposition of punitive damages can only be determined after trial (see *De Marco v Federal Ins. Co.,* 99 AD2d 114, 116).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.