■ Lucius J. Della Porta et al., Doing Business as South Cairo Country Store, Respondents, v Hartford Fire Insurance Company, Appellant.—Main, J. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered April 12, 1985 in Greene County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs, Lucius and Ann Della Porta, were the owners of premises located in the Hamlet of South Cairo, Greene County, from which they operated a general store and service station business known as South Cairo Country Store (the store). The store was burglarized on or about August 15, 1981, and plaintiffs claimed that, as a result, $9,685 in cash and a quantity of cigarettes worth approximately $160 were missing. Plaintiffs had been issued a policy of insurance by defendant through its local agency, the Grossman Agency, Inc. (Grossman). The policy was issued to plaintiffs on March 6, 1981 and, under its terms, defendant had agreed, *inter alia,* to insure plaintiffs against loss due to burglary at the store for a period of 12 months. On August 17, 1981, Lucius Della Porta forwarded a notarized letter to Grossman describing in some detail what had occurred. The letter set forth the denomination and amount of money taken and the quantity of cigarettes missing. Apparently, on or about September 1, 1981, defendant became privy to certain information gathered by the State Police which led it to believe that plaintiffs had lied

about the amount of cash allegedly taken. Thereafter, on October 28, 1981, defendant's counsel served a notice of examination before trial (EBT) upon plaintiffs. Plaintiffs were unable to appear by reason of illness and, on December 2, 1981, a new notice was served accompanied by a demand that plaintiffs file a proof of loss pursuant to the requirements of the policy. Plaintiffs appeared for the EBT and were examined but declined to submit defendant's proof of loss forms for the reason that they had already filed a proof of loss through the submission of the notarized letter to Grossman on August 17, 1981. On May 19, 1982, plaintiffs were advised that defendant would not honor their claim because plaintiffs had failed to provide a satisfactory proof of loss and had committed other alleged violations of the insurance contract. Soon thereafter, plaintiffs commenced this action.

By its answer, defendant raised, *inter alia,* the affirmative defenses of willful concealment, misrepresentation of material facts, fraud and false swearing, and failure to submit a sworn statement of proof of loss within 60 days of defendant's demand therefor. When defendant moved for summary judgment dismissing the complaint, Special Term, apparently assuming that Lucius Della Porta's notarized letter to Grossman constituted a sworn proof of loss, denied the motion and, citing *Beckley v Otsego County Farmers Coop. Fire Ins. Co.* (3 AD2d 190, *appeal dismissed* 2 NY2d 990), held that a factual issue existed as to whether defendant made its demand for written proof of loss within a reasonable time. Defendant appeals from the denial of its motion, contending that because no proof of loss had been timely filed, it is entitled to summary judgment dismissing the complaint as a matter of law *(see, Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201, 209-210).

Prefatorily, it is long and well established that, in order to be entitled to a grant of summary judgment, the moving party must establish his cause of action or his defense sufficiently to warrant the court, as a matter of law, to direct judgment in his favor (CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). Our function is not to determine credibility, but rather to ascertain whether there exists a factual issue or if there is arguably a genuine issue of fact *(see, Computer Strategies v Commodore Business Machs.,* 105 AD2d 167, 175). So guided, we find that an issue of fact was raised and that summary judgment was properly denied. Consequently, we affirm.

However, the central issue of fact raised is whether plain-

tiffs' notarized letter qualifies as a sworn proof of loss. Special Term assumed or decided that it did, but failed to explain its rationale. In our view, the record provides an inadequate basis for such a determination or assumption, and whether the notarized letter can be said to constitute a sworn proof of loss is an issue to be determined at trial. As a general rule, notice and proof requirements are liberally construed in favor of the insured *(Wachtel v Equitable Life Assur. Socy.,* 266 NY 345, 351; *D.C.G. Trucking Corp. v Zurich Ins.Co.,* 81 AD2d 990, 991, *lv denied* 54 NY2d 605). "[N]o particular form of proof of loss is required as long as the proof submitted is sufficient to enable the insurer to consider its rights and liabilities" *(P.S. Auctions v Exchange Mut. Ins. Co.,* 105 AD2d 473, 475). "Substantial and not strict compliance with the provision of such forms is all that is required" *(supra).* Hence, the trier of fact will have to determine, among other things, whether the statement was sworn to as required by the insurance contract or whether the notarization was merely an authentication of the signature on the letter, and whether the letter was sufficient to enable the insurer to determine its rights and liabilities.

Lastly, we find no merit to defendant's claim that, since the notarized letter was not signed by Ann Della Porta, the document is ineffective to protect her interest. It is well settled that, where insurance is procured by several owners, a proof of loss may be presented by any one of them to the benefit of all *(Walsh v Washington Mar. Ins. Co.,* 32 NY 427, 440). Moreover, when insurance is issued to a partnership, and plaintiffs here claim to be partners, a proof of loss submitted by one of the partners is sufficient *(Karelsen v Sun Fire Off.,* 122 NY 545, 551).

Order affirmed, with costs. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur.