■ C.I.T. LEASING CORPORATION, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff, the designated loss payee of an insurance contract between defendant and the insured, Manth Machine and Tool Company, brought suit against the defendant to compel payment under the insurance policy for the theft loss of a lathe. Defendant disclaimed coverage based on the insured's failure to cooperate with the insurer's investigation of the loss and the apparent abandonment of the claim by the insured. Plaintiff successfully moved for leave to amend its complaint to add a

claim for punitive damages and for dismissal of defendant's Statute of Limitations defense. The court denied defendant's cross motion for summary judgment.

As a loss payee, plaintiff may recover only if the insured could have recovered (see, Wometco Home Theatre v Lumbermens Mut. Cas. Co., 97 AD2d 715, affd 62 NY2d 614). Since it appears that the insured partially cooperated with the investigation, plaintiff has raised a triable issue of fact regarding the insured's breach of the contract. Thus defendant's motion for summary judgment was properly denied. Nor did the court err in dismissing the Statute of Limitations defense. Defendant is estopped from asserting the 12-month contractual limitation period because it refused to provide plaintiff with the contract of insurance until after the period had expired (cf., Wometco Home Theatre v Lumbermens Mut. Cas. Co., supra; see also, Cardinale v Genesee Val. Med. Care, 94 AD2d 966).

The order is modified, however, to dismiss plaintiff's claim for punitive damages. The complaint does not seek to vindicate a public right or deter morally culpable conduct (see, Halpin v Prudential Ins. Co., 48 NY2d 906, rearg denied 49 NY2d 801; City of Niagara Falls v Hartford Fire Ins. Co., 116 AD2d 1019). (Appeal from order of Supreme Court, Erie County, Rath, J.—dismiss Statute of Limitations defense.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ., concur.