■ PIONEER INSURANCE COMPANY, Respondent, v STEVEN DELEO, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Hughes, J.), entered January 12, 1990 in Schoharie County, which, inter alia, granted plaintiff's motion for summary judgment and declared that plaintiff was not liable for losses claimed by defendant due to a fire.

The two primary questions presented on this appeal are whether Supreme Court properly held that defendant did not submit a requested sworn proof of loss statement to plaintiff within 60 days after receipt of plaintiff's demand therefor, and that plaintiff's investigation of the loss claim and its examination of defendant under oath regarding the loss claim was not

a waiver of the proof of loss requirement. The answer to both questions is in the affirmative. Therefore, the order of Supreme Court should be affirmed.

Plaintiff issued a policy of insurance to defendant covering, *inter alia,* fire damage to defendant's residence in the Town of Gilboa, Schoharie County. Defendant thereafter notified plaintiff of a fire at his home occurring on April 18, 1989. He subsequently submitted a claim of $86,027 for damages to his home and personal property under his policy of insurance. Plaintiff, pursuant to terms of the policy, demanded through its legal counsel that defendant submit a sworn proof of loss statement to it within 60 days of receipt thereof. Defendant received the demand on July 15, 1989 along with a request that he be orally examined under oath. The oral examination was held on August 4, 1989. However, the proof of loss statement was not executed until September 15, 1989 (62 days after receipt of the demand) and not received by plaintiff's counsel until September 19, 1989 (66 days after receipt of the demand). In response, plaintiff's attorneys sent defendant a letter indicating that plaintiff was rejecting any and all claims arising out of the reported fire because of defendant's failure to furnish a timely proof of loss statement, willful exaggeration of the amount of the claim and other breaches of the policy.

Plaintiff thereafter commenced this action for declaratory judgment seeking a declaration that it was not liable to defendant because of defendant's failure to timely submit a sworn proof of loss statement and his willful misrepresentations. Defendant served a verified answer alleging counterclaims for the losses sustained as a result of the fire and for general and punitive damages for plaintiff's unfair claim settlement practices. Plaintiff moved for summary judgment and defendant cross-moved to dismiss the complaint for, *inter alia,* failure to state a cause of action. Supreme Court granted plaintiff's motion and denied defendant's cross motion. An order was entered thereon and this appeal ensued.

Supreme Court properly ruled that defendant's failure to submit a proof of loss statement within the required 60 days after receipt of demand therefor entitled plaintiff to the relief demanded in its complaint. It is not disputed that on July 15, 1989 defendant received plaintiff's demand to submit a sworn proof of loss statement on the forms enclosed within 60 days. The failure to do so violated the requirement of Insurance Law § 3407 (a) governing the effect of a failure to file a proof of loss statement within 60 days of receipt of notice of demand

therefor. Such failure is an absolute bar to maintaining an action on a policy unless the insurer has waived its right to the same or is estopped from asserting it *(Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201, 209-210).

Defendant argues that here plaintiff waived its right to a proof of loss statement by requesting it through an agent (its attorneys), thus making its request improper since the statute requires the insurer itself to make the request for a proof of loss statement. However, a corporation can only act through its agents. This contention therefore does not raise an issue of fact requiring denial of the motion for summary judgment (CPLR 3212; *see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404).

There is also no merit in defendant's argument that plaintiff's investigation of the loss claim waived its right to a proof of loss statement. The alleged acts of plaintiff could not be construed to have misled or lulled defendant into inactivity and thus did not rise to the level of a waiver *(see, Fotochrome, Inc. v American Ins. Co.,* 23 NY2d 889, 890; *see also, Sound Elec. Corp. v Ins. Co.,* 69 NY2d 798, 800; *Maleh v New York Prop. Ins. Underwriting Assn.,* 64 NY2d 613, 614; *Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201, 213-214, 217, *supra).* The cases defendant has relied upon in his brief are distinguishable from the instant situation and do not require the result defendant urges.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.