■ Jon S. Vena et al., Respondents, v State Farm Fire and Casualty Company, Appellant. [610 NYS2d 410] —Crew III, J. Appeal from an order of the Supreme Court (Torraca, J.), entered March 22, 1993 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

On May 19, 1991, plaintiffs' residence in the Town of Lloyd, Ulster County, was destroyed by fire. Thereafter, on or about June 14, 1991 defendant, plaintiffs' insurer, demanded that plaintiffs file a sworn statement in proof of loss within 60 days as required under the policy. There does not appear to be any dispute that plaintiffs received defendant's demand letter and blank proof of loss forms, and plaintiffs were warned by defendant's counsel at an examination under oath conducted in July 1991 that the requested forms had to be filed by August 14, 1991. There is no indication that the sworn statements were submitted by that date and, as an apparent result, plaintiffs' claim under the policy was denied. Plaintiffs thereafter commenced this action seeking to recover the proceeds under the policy, and defendant answered and asserted as an affirmative defense, *inter alia,* plaintiffs' failure to file the sworn proof of loss statement in a timely fashion. Defendant then moved for summary judgment dismissing the complaint. Supreme Court denied defendant's motion and this appeal by defendant followed.

There must be a reversal. It is well settled that the failure to file sworn proofs of loss within 60 days of the demand therefor constitutes an absolute defense to an action on an

insurance policy absent a waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense *(see, Marino Constr. Corp. v INA Underwriters Ins. Co., 69 NY2d 798, 800; Pioneer Ins. Co. v Deleo, 167 AD2d 795, 796-797; New York Prop. Ins. Underwriting Assn. v Primary Realty, 166 AD2d 376, 377; Brostowin v Hanover Ins. Co., 154 AD2d 418, 419).* Here, although plaintiffs did tender certain documents to defendant's counsel at the examination under oath in July 1991, it is apparent from the record that they did not submit the sworn proofs of loss within the requisite time period, and we reject plaintiffs' sole assertion on appeal that the information actually provided substantially complied with the policy provisions *(compare, Yaccarino v St. Paul Fire & Mar. Ins. Co., 150 AD2d 771, 772; see generally, Aryeh v Westchester Fire Ins. Co., 138 AD2d 337, 338, lv denied 73 NY2d 703).* Accordingly, defendant's motion for summary judgment dismissing the complaint should have been granted. In light of this conclusion, we need not reach the remaining arguments advanced by defendant.

Mikoll, J. P., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.