■ GENERAL ELECTRIC CAPITAL CORPORATION, Respondent, v ROYAL INSURANCE COMPANY OF AMERICA, Appellant. [613 NYS2d 392] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about February 25, 1993, which, inter alia, denied the motion by defendant for summary judgment dismissing the plaintiff's complaint, unanimously affirmed, without costs.

The IAS Court properly denied defendant's motion for summary judgment. "When an insurer gives its insured written notice of its desire that proof of loss under a policy of * * * insurance be furnished and provides a suitable form for such proof, failure of the insured to file proof of loss within 60 days after receipt of such notice, or within any longer period specified in the notice, is an absolute defense to an action on the policy, absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense." (Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 209-210 [emphasis added].) Notice and proof of loss requirements are liberally construed in favor of the insured with substantial and not strict compliance with the provision of such forms being all that is required (Della Porta v Hartford Fire Ins. Co., 118 AD2d 1045, 1047), and summary judgment on a policy of insurance, dismissing the complaint of a loss payee based upon the insured's failure to cooperate with the insurer's investigation, will be denied, where, as here, there is a triable issue of fact as to whether the insured had, in fact, breached the contract by partially cooperating with the investigation (C.I.T. Leasing Corp. v Travelers Ins. Co., 145 AD2d 973, 974).

The record below reveals that the IAS Court properly denied the defendant's motion for summary judgment since there exists a triable issue of fact as to whether the plaintiff, as a loss payee, had filed a timely proof of loss in accordance with the terms of the policy of insurance.

The sharply conflicting affidavits of the parties vehemently

contest whether the insured had, in fact, provided the defendant with a timely proof of loss, whether the insured and the loss payee had cooperated, and to what extent, with the defendant's investigation and processing of the insurance claim, and whether the defendant had waived or should be estopped by its own conduct from asserting a proof of loss defense to the underlying action by the defendant's alleged refusal to accept plaintiff's repeated efforts to comply with the proof of loss requirements by providing all necessary documentation and information relating to the stolen equipment and the defendant's alleged failure to advise the plaintiff of the insured's alleged lack of cooperation until after coverage had been disclaimed. Concur—Sullivan, J. P., Carro, Wallach, Rubin and Williams, JJ.