■ Scott Bailey, Respondent, v Charter Oak Fire Insurance Company et al., Appellants. [709 NYS2d 696] —Lahtinen, J. Appeal from an order of the Supreme Court (Williams, J.), entered June 8, 1999 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

After purchasing a fire insurance policy from defendants in February 1997, plaintiff suffered a substantial fire loss on August 17, 1997. Plaintiff immediately notified defendants of his loss and he and his wife worked closely with a number of defendants' representatives in an effort to collect under the terms and conditions of his policy.

From the date of loss through early December 1997, plaintiff submitted various statements and estimates detailing his loss. He admits that on December 8, 1997, he received a letter from defendants' attorney containing a demand for a sworn proof of loss, together with the appropriate forms and notice of defendants' request for plaintiff's examination under oath scheduled for December 10, 1997. Plaintiff requested an adjournment of the December 10, 1997 examination date for various reasons and the examination was eventually rescheduled to February 17, 1998.

At the time of his appearance at the examination under oath, plaintiff had not completed or filed the requested proof of loss. When asked at his examination under oath why the forms were not filed, plaintiff answered, "I just didn't want to make any mistakes on it. I was trying to get together with the attorney and I wanted to go through it, make sure I—because it looked like its pretty important stuff, so I wanted to make sure I got it right." After plaintiff testified to the fact that a proof of loss

had not been filed, defendants' attorney adjourned the examination indicating that the failure to file a timely proof of loss gave rise to a potential policy defense and he had to discuss the matter with defendants.

On March 30, 1998 defendants rejected plaintiff's claim because of plaintiff's failure to file a sworn proof of loss within 60 days of defendants' demand as required by the policy of insurance. Plaintiff thereafter commenced this lawsuit seeking recovery under his policy. Defendants' subsequent motion for summary judgment was denied and they now appeal.

We reverse. "It is well settled that the failure to file sworn proofs of loss within 60 days of the demand therefor constitutes an absolute defense to an action on an insurance policy absent a waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense" (*Vena v State Farm Fire & Cas. Co.*, 203 AD2d 790, 790-791 [citations omitted]). Plaintiff's admission that he failed to submit a sworn proof of loss within the required 60-day period provides defendants with the requisite showing of their entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Such a showing shifts the burden to plaintiff to come forward with admissible proof sufficient to raise a question of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

Although plaintiff alleges that he or his wife submitted various documents to and had numerous conversations with defendants, all of these contacts occurred prior to receipt of defendants' demand for a sworn proof of loss. Neither plaintiff nor his wife recall any other contact with defendants after receiving their demand to file a sworn proof of loss, which precludes a finding that defendants intended to waive that policy requirement and prevents plaintiff from relying on the theory of waiver (*see, Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966; *Brostowin v Hanover Ins. Co.*, 154 AD2d 418).

Additionally, defendants' failure to state in their demand letter that the sworn proof of loss was required to be filed within 60 days and the fact that the letter also contained a demand that plaintiff appear for an examination under oath is insufficient to support a finding that a question of fact exists with regard to the application of the doctrine of estoppel (*see, Marino Constr. Corp. v INA Underwriters Ins. Co.*, 69 NY2d 798; *Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201). Nor does the record contain any other admissible proof of conduct on the part of defendants which could have reasonably lulled plaintiff into inaction (*see, Pedrick v*

*Commercial Union Ins. Co.*, 134 Misc 2d 313, 314, *mod* 132 AD2d 980, *appeal dismissed* 132 AD2d 981), and any such argument is belied by plaintiff's statement at his abbreviated examination under oath that he failed to timely file his sworn proof of loss because it looked like "pretty important stuff" and he "didn't want to make any mistakes on it."

Plaintiff also argues that his estimates and other proof of loss that he submitted to defendants prior to December 8, 1997 were more detailed than the information requested on the proof of loss forms provided him by defendants and, because he has submitted those detailed proofs of loss prior to defendants' December 8, 1997 demand, he should be deemed in compliance with the policy requirements. Notwithstanding the fact that plaintiff has not included those alleged submissions in the record on appeal for our review, nor apparently provided them to Supreme Court, we have previously held that such unsworn statements of loss do not satisfy the contractual or statutory requirement to serve defendants with sworn proofs of loss (*see*, *Vena v State Farm Fire & Cas. Co.*, *supra*, at 790-791; *see also*, Insurance Law §§ 3404, 3407; *Litter v Allstate Ins. Co.*, 208 AD2d 602; *cf.*, *De Santis v Dryden Mut. Ins. Co.*, 241 AD2d 916).

Crew III, J. P., Graffeo, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.