■ GREENBURGH ELEVEN UNION FREE SCHOOL DISTRICT, Respondent-Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Appellant-Respondent, and COREGIS INSURANCE COMPANY et al., Respondents. [758 NYS2d 291] —Order and judgment, Supreme Court, New York County (Helen Freedman, J.), entered September 6, 2002 and October 18, 2002, respectively, which, to the extent appealed and cross-appealed from, denied plaintiff's motion for summary judgment as against defendants Coregis Insurance Company (Coregis), Arthur J. Gallagher & Co. of New York, Inc. (Gallagher) and Griffith E. Harris, Jr. (Harris); granted plaintiff's motion against defendant National Union Fire Ins. Co. of Pittsburgh, PA (National Union), declaring that National Union was obliged to defend and indemnify plaintiff in the underlying Greenburgh II action, for which National Union had disclaimed coverage; referred to a judicial hearing officer the issue of the attorneys' fees to be paid by National Union to plaintiff for the defense of the underlying action; and otherwise awarded damages in the total amount of $2,495,431.47, unanimously modified, on the law and the facts, to direct that plaintiff recover from National Union the additional amount of $22,653, representing the cost of the letter of credit required to implement the settlement of the underlying action, and to vacate so much of the award as is attributable to the costs of paying the future salary and benefits of Hedwig Broetz and Milton Cobb in the underlying action, and otherwise affirmed, without costs, and the matter is remitted for the reduction of Broetz and

Cobb award components to present value, and for entry of an amended judgment in accordance therewith.

In 1994, certain "disturbances" occurred involving teachers and staff of the plaintiff School District. As a result of these disturbances, plaintiff took certain disciplinary actions against some of the teachers and staff involved and, in response to plaintiff's disciplinary actions, the Teachers' Union, on behalf of the disciplined teachers and staff, commenced a proceeding before the Public Employment Relations Board (PERB I), and the disciplined employees instituted an action in federal court (Greenburgh I), for which defendant National Union provided a defense and indemnification under its then existing errors and omissions policy with plaintiff.

Thereafter, on September 12, 1995 and December 11, 1995, plaintiff took additional disciplinary action against other teachers and staff involved in the 1994 disturbances. As a result of these disciplinary actions, a second proceeding was commenced against plaintiff before the Public Employment Relations Board (PERB II). After National Union's policy with plaintiff was discontinued in September 1996, plaintiff began coverage with defendant Coregis, under successive policies. On or about September 10, 1998, certain teachers and staff involved in the PERB II proceeding commenced a second federal court action (Greenburgh II). Plaintiff submitted the Greenburgh II claims for defense and indemnification to both Coregis, under its then existing policy, and to National Union, under the policy existing at the time of the disturbances and the disciplinary actions. Both companies disclaimed coverage. National Union disclaimed coverage on the ground that it had not received written notice of the "wrongful acts" giving rise to the Greenburgh II claims, i.e., the September 12, 1995 and December 11, 1995 disciplinary actions. Coregis disclaimed coverage on the ground that the Greenburgh II action was not a claim "first made" during the policy period within the meaning of the policy.

Plaintiff commenced this declaratory judgment action against National Union and Coregis for improperly disclaiming coverage, and against the insurance brokers, defendants Gallagher and Harris for failing to obtain proper coverage. All parties moved or cross-moved for summary judgment.

The court properly found that the Greenburgh II claims were "first made" at the time of the Greenburgh I action, within the meaning of the National Union and Coregis policies, and that National Union had sufficient notice of the claim to require coverage under National Union's then existing policy. Notice requirements are to be liberally construed in favor of the

insured, with substantial, rather than strict, compliance being adequate (*see General Elec. Capital Corp. v Royal Ins. Co. of Am.*, 205 AD2d 396 [1994]; *Della Porta v Hartford Fire Ins. Co.*, 118 AD2d 1045 [1986]). Although it appears that plaintiff never gave specific written notice of the September 12, 1995 and December 11, 1995 disciplinary actions which formed the basis of the Greenburgh II claims, the record overwhelmingly supports the conclusion that National Union was intimately involved in seeking a global settlement of all disputes with the Teachers' Union through the time of PERB I, Greenburgh I and PERB II, and National Union's own Claims Director, Eric Yuen, testified at his deposition that National Union was aware of the disciplinary proceedings during the policy period and that such information was in the file. Further, although the specific disciplinary actions taken on September 12, 1995 and December 11, 1995 occurred after commencement of Greenburgh I (for which National Union provided coverage), they were closely related to and, indeed, grew out of the disturbances and disciplinary actions that led to PERB I and Greenburgh I, and National Union was aware of the essential facts through constant reports forwarded to it from plaintiff's counsel in Greenburgh I and through its efforts to bring about a global settlement of all related disputes (*cf. Camalloy Wire v National Union Fire Ins. Co.*, 235 AD2d 202 [1997]). Thus, the motion court properly held that the claim was made during the National Union policy period, and that National Union had sufficient notice to require coverage.

The court also properly found that Coregis was not required to provide coverage. The Coregis policy provided coverage for claims "first made" during the policy period. Under the Coregis policy a claim was "first made" at the time of the first claim arising out of the same wrongful act "or logically or causally connected wrongful acts." There is no dispute that Greenburgh II arose out of the same 1994 disturbances, from which all disciplinary actions taken by plaintiff also arose. Thus, they are "logically or causally connected," and the claim was, therefore, first made at the time of Greenburgh I, outside the Coregis policy period.

The court properly dismissed plaintiff's claim against the broker defendants, Gallagher and Harris, for failure to obtain proper coverage, since coverage was, in fact, obtained through the National Union policy (*see Shark Info. Servs. Corp. v Crum & Forster Commercial Ins.*, 222 AD2d 251, 253 [1995]).

The court also properly found that plaintiff is not entitled to the extra-contractual damages of attorneys' fees associated

with bringing this declaratory judgment action, since both Coregis and National Union each had an arguable basis for their respective disclaimers (*see Sukup v State of New York*, 19 NY2d 519, 522 [1967]).

We reject National Union's challenge to most of the judgment amounts, since it provides neither substantive arguments nor citations to evidence to support such challenges, nor does it appear that National Union has made these arguments previously. In any event, according to National Union, there is a motion pending before the Supreme Court to resettle the judgment, which purportedly addresses these issues.

However, National Union correctly notes that amounts in the judgment associated with future salary and benefits of Hedwig Broetz and Milton Cobb were not reduced to present value, as plaintiff's own Assistant Superintendent of Business, Marsha Maddox, admitted was appropriate in her affidavit submitted in support of the judgment. Thus, the matter must be remitted for a calculation of such present value. Additionally, plaintiff's cost in procuring a letter of credit, $22,653, to guarantee the underlying settlement agreement should be added to the judgment, as it was a condition of the agreement ending Greenburgh II, for which National Union must provide indemnity.

We have examined the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Buckley, P.J., Rosenberger, Ellerin, Wallach and Lerner, JJ.