■ GREENBURGH ELEVEN UNION FREE SCHOOL DISTRICT, Respondent-Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant-Respondent, and ARTHUR J. GALLAGHER & CO. OF NEW YORK, INC., et al., Respondents, et al., Defendants. [767 NYS2d 612]—Judgment, Supreme Court, New York County (Helen Freedman, J.), entered June 25, 2003, which, to the extent appealed from by plaintiff, vacated the award of statutory interest on the amount of $178,500, representing interest charges paid by plaintiff in connection with the settlement of the underlying action, unanimously modified, on the law, to reinstate such award of statutory interest, and otherwise affirmed, without costs. Appeal by defendant National Union Fire Insurance Company from portions of the same judgment and from corresponding portions of the same court's underlying order, entered June 25, 2003, unanimously dismissed, without costs.

The amended judgment from which the parties purport to appeal, entered subsequent to this Court's order disposing of all the issues in the action, is not appealable as of right (CPLR 5701 [a] [1]). On the previous appeals, we modified a judgment entered October 18, 2002 to the extent of directing that plaintiff recover from defendant insurer the cost of obtaining a letter of credit and reducing to their present value the awards for future salary and benefits to two of the plaintiffs in the underlying action (304 AD2d 334 [2003]). Upon remittance, the court's order "shall be authority for any further proceedings" (CPLR 5524 [b]). Remission for the ministerial act of calculating the present value of a component of the award does not detract from the finality of the order (CPLR 5522 [a]; *see Harvey v Members Empls. Trust for Retail Outlets*, 96 NY2d 99, 103 n 1 [2001]).

In view of our prior order, Supreme Court was without authority to reduce the award of statutory interest. Accordingly, we sua sponte grant plaintiff leave to appeal in order to reach and correct this error. No comparable justification exists to permit defendant's appeal, particularly since the issues it would now raise were previously argued on the prior appeal. Concur—Buckley, P.J., Saxe, Ellerin, Marlow and Gonzalez, JJ.