RICHARD J. TURKOW, Individually and Doing Business as CLINE & SON WELL DRILLING, Respondent, v ERIE INSURANCE COMPANY, Appellant. [798 NYS2d 768]—

Cardona, P.J. Appeal from an order of the Supreme Court (Dowd, J.), entered April 1, 2004 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.

After a July 25, 2001 fire destroyed certain tools and equipment that plaintiff used in his business, he sought damages under an insurance policy issued by defendant. In April 2002, defendant denied the claim contending that plaintiff failed to provide, inter alia, a proof of loss statement as required by the policy and also cooperate with its investigation. In August 2003, plaintiff commenced this action seeking to enforce the policy. Following joinder of issue, defendant moved for summary judgment. Finding questions of fact, Supreme Court denied that motion, prompting this appeal.

Initially, we are unpersuaded that defendant established, as a matter of law, that plaintiff breached the contract condition requiring a signed and sworn proof of loss statement. "Insurance Law § 3407 provides that the failure to produce proof of loss will not invalidate the claim unless the insurer gives a written notice and a blank form. Failure of the insured to file the proof of loss is an absolute defense for the insurer in an action

on the policy unless there has been a waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense" (*Bailey v Nationwide Mut. Fire Ins. Co.*, 133 AD2d 915, 916 [1987] [citations omitted]; *see Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201, 210 [1984]).

Here, defendant met its initial burden on its summary judgment motion (*see* CPLR 3212 [b]) by submitting, among other things, an affidavit from Joel Hubal, one of its claims adjusters, averring that on August 8, 2001 he personally gave plaintiff a copy of a proof of loss form, a personal property inventory form and a signed credit authorization. He further indicated that plaintiff was requested to complete and return the documentation. In addition, defendant alleges that, despite several requests for the necessary documentation to investigate his claim, plaintiff failed to respond.

On the other hand, plaintiff submitted proof indicating that he never received the proof of loss form or documentation from Hubal and only spoke by telephone with him on August 8, 2001. Plaintiff submitted a transcript, dated August 8, 2001, of a telephonic conversation he had with Hubal wherein he discussed the fire and the contents that were destroyed. Further, plaintiff claims that he timely notified defendant of the losses he sustained and, thereafter, provided one of defendant's claims adjusters with a partial list of the damaged and/or destroyed equipment. Plaintiff also submitted the transcript of an October 2001 telephone conversation with Michael Piontkowski, one of defendant's claim adjusters, in which plaintiff indicated that he was in the process of making a list with Hubal. Piontkowski averred that plaintiff described some of the tools that had been destroyed and he set a reserve of $5,000 as an estimate of plaintiff's losses.

Contrary to defendant's claim, the record contains questions of fact as to whether a proof of loss form was submitted or mailed to plaintiff (*see Bailey v Nationwide Mut. Fire Ins., supra* at 917). In addition, there are unresolved issues as to, inter alia, whether the information that plaintiff provided to defendant was "sufficient to enable the insurer to consider its rights and liabilities" (*P.S. Auctions v Exchange Mut. Ins. Co.*, 105 AD2d 473, 474-475 [1984]; *see D.C.G. Trucking Corp. v Zurich Ins. Co.*, 81 AD2d 990, 991 [1981], *lv denied* 54 NY2d 605 [1981]). It is well settled that "provisions in an insurance contract for furnishing notice and proof of loss are to be liberally construed in favor of the insured" and "[s]ubstantial and not strict compliance with the provision[s] of such forms is all that is required" (*P.S. Auctions v Exchange Mut. Ins. Co., supra* at 475).

Finally, we find unavailing defendant's claim that the record conclusively established that plaintiff willfully violated the cooperation clause of the insurance policy. In order to sustain such a contention, defendant's burden is a heavy one (*see Levy v Chubb Ins.*, 240 AD2d 336, 337 [1997]). It requires a showing that the insured's attitude was one of " 'willful and avowed obstruction' " (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168-169 [1967], quoting *Coleman v New Amsterdam Cas. Co.*, 247 NY 271, 276 [1928]; *see State Farm Fire & Cas. Co. v Imeri*, 182 AD2d 683, 683 [1992]) involving "a 'pattern of noncooperation for which no reasonable excuse [is] offered' " (*Ingarra v General Acc./PG Ins. Co. of N.Y.*, 273 AD2d 766, 767-768 [2000], quoting *Argento v Aetna Cas. & Sur. Co.*, 184 AD2d 487, 488 [1992]). Notably, plaintiff presented proof indicating that he had at least two telephone conversations with defendant's agents and permitted them to inspect the damaged premises on various occasions. Therefore, inasmuch as defendant did not meet its heavy burden as a matter of law and questions of fact exist regarding credibility issues surrounding receipt of the proof of loss form and the reasonableness of plaintiff's cooperation (*see Ingarra v General Acc./PG Ins. Co. of N.Y.*, *supra* at 768), Supreme Court's denial of defendant's motion for summary judgment need not be disturbed.

Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.