██ JOHN P. TURKOW et al., Respondents, v SECURITY MUTUAL INSURANCE COMPANY, Appellant. [939 NYS2d 170]—

Peters, J.P.

On July 25, 2001, a fire destroyed property owned by plaintiffs in the City of Binghamton, Broome County. By certified letter dated October 1, 2001 and received by plaintiff John P. Turkow on October 4, 2001, defendant demanded sworn proofs of loss

from plaintiffs and provided three forms for that purpose. On December 28, 2001, defendant denied the claim on the ground that plaintiffs failed to provide a proof of loss statement within 60 days of defendant's demand and as required by the terms of the insurance policy and the Insurance Law. Plaintiffs thereafter commenced this action seeking to recover the proceeds under the policy and defendant answered, asserting as an affirmative defense, among other things, plaintiffs' failure to timely file the sworn proof of loss statements. Defendant then moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judgment on the issue of liability. Supreme Court denied both motions, and this appeal by defendant followed.

" 'It is well settled that the failure to file sworn proofs of loss within 60 days of the demand therefor constitutes an absolute defense to an action on an insurance policy absent a waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense' " (*Bailey v Charter Oak Fire Ins. Co.*, 273 AD2d 691, 692 [2000], quoting *Vena v State Farm Fire & Cas. Co.*, 203 AD2d 790, 790-791 [1994]; *see Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201, 209-210 [1984]; *Turkow v Erie Ins. Co.*, 20 AD3d 649, 649-650 [2005]). We agree with defendant that its adjuster's investigation of the claim following the fire and subsequent preparation of a report setting forth the extent of the fire damage did not serve to satisfy plaintiffs' obligation to submit sworn proofs of loss or constitute a waiver of that condition (*see Maleh v New York Prop. Ins. Underwriting Assn.*, 64 NY2d 613, 614 [1984]; *Saba Rug v Great Am. Ins. Cos.*, 254 AD2d 107 [1998]; *Litter v Allstate Ins. Co.*, 208 AD2d 602, 602 [1994]; *Pioneer Ins. Co. v Deleo*, 167 AD2d 795, 797 [1990]). Nor have plaintiffs raised a factual issue as to whether defendant repudiated liability under the policy so as to excuse their obligation to timely file proof of loss statements (*see Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d at 217-218; *compare Beckley v Otsego County Farmers Coop. Fire Ins. Co.*, 3 AD2d 190, 194 [1957], *lv dismissed* 2 NY2d 990 [1957]).

We do, however, agree with Supreme Court that a triable issue of fact exists as to whether the proof of loss statements were timely filed by plaintiffs. In that regard, defendant met its initial burden on its summary judgment motion by submitting copies of its October 1, 2001 letter demanding proof of loss, the certified mail receipt signed by Turkow on October 4, 2001, as well as Turkow's examination before trial testimony acknowledging that the signature on the receipt was his and that he

received the proof of loss forms. Defendant also proffered the affidavit of its claims manager averring that a search of defendant's records failed to reveal that any proof of loss forms had been received from plaintiffs. In opposition to the motion, however, plaintiffs submitted the deposition testimony and sworn affidavit of Turkow, who stated that he and his brother filled out the proof of loss forms and returned them to defendant "months" before he received defendant's December 28, 2001 letter indicating that such forms had not been received.* In addition, plaintiffs submitted a copy of a January 2002 letter from defendant's claims supervisor which memorialized a portion of a phone conversation in which plaintiffs claimed that the proof of loss forms were completed and returned. Viewing the evidence in a light most favorable to plaintiffs and giving them the benefit of all reasonable inferences that can be drawn therefrom (see Campbell v Campbell, 43 AD3d 1264, 1266 [2007]; Goff v Clarke, 302 AD2d 725, 727 [2003]), we find that a genuine issue of fact exists that cannot be determined on this record without resolving issues of credibility (see General Elec. Capital Corp. v Royal Ins. Co. of Am., 205 AD2d 396, 396-397 [1994]; Kravitz v Pioneer Ins. Co., 176 AD2d 430, 430-431 [1991]; Della Porta v Hartford Fire Ins. Co., 118 AD2d 1045, 1046-1047 [1986]; see also Turkow v Erie Ins. Co., 20 AD3d at 650). Accordingly, summary judgment on this issue was properly denied.

Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

* As plaintiffs received the proof of loss forms on October 4, 2001, they were required to mail the completed forms to defendant on or before December 3, 2001 (see Ball v Allstate Ins. Co., 81 NY2d 22, 24 [1993]).