*Great Am. Ins. Co. v. AIG Specialty Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-two.

PRESENT:

AMALYA L. KEARSE,
MICHAEL H. PARK,
STEVEN J. MENASHI,
*Circuit Judges.*

---

GREAT AMERICAN INSURANCE COMPANY,

*Plaintiff-Appellee*,

v.

AIG SPECIALTY INSURANCE COMPANY,

*Defendant-Appellant.*

---

21-1298 (L)
21-1803 (Con)

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | JAMES P. RUGGERI (Sara K. Hunkler, *on the brief*), Ruggeri Parks Weinberg LLP, Washington, DC. |
| **FOR DEFENDANT-APPELLANT:** | MARC A. SILVERMAN (Joseph G. Finnerty III, Eric S. Connuck, *on the brief*), DLA Piper LLP (US), New York, NY; Philadelphia, PA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant AIG Specialty Insurance Company ("AIG") appeals the April 6, 2021 opinion and order of the district court granting summary judgment for Plaintiff-Appellee Great American Insurance Company ("Great American") and denying AIG's cross-motion for summary judgment. Houlihan/Lawrence ("Houlihan"), a subsidiary of HomeServices America ("HSA"), is a mutual insured of Great American and AIG. Great American filed this suit seeking a declaratory judgment that AIG must contribute to the defense of Houlihan in connection with a pending class-action lawsuit in New York state court ("Underlying Lawsuit"). *See Goldstein v. Houlihan/Lawrence Inc.*, No. 60767 (N.Y. Sup. Ct. 2018). AIG argues it has no duty to defend under New York insurance law because the alleged wrongful acts against Houlihan in the Underlying Lawsuit are not covered by HSA's AIG policy, having occurred either (1) before Houlihan became an insured "Subsidiary," or (2) after Houlihan became an insured "Subsidiary" but are "Related Acts" that should be deemed to have occurred before Houlihan became an insured "Subsidiary." On appeal, AIG contends that the district court erred by holding that the "Related Acts" provision of AIG's insurance policy does not apply to the provision identifying when coverage for a "Subsidiary" begins. AIG also argues that the district court erred by holding that

2

the plaintiffs' claims in the Underlying Lawsuit are not "Related Acts." We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor. Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021) (cleaned up).

We need not decide whether the district court correctly held that AIG failed to show that the "Related Acts" provision applies to the provision identifying when coverage for a "Subsidiary" begins because, in any case, AIG has failed to escape its duty to defend.

"In New York, an insurer's duty to defend is exceedingly broad, and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest a reasonable possibility of coverage."[1] *Brooklyn Ctr. for Psychotherapy, Inc. v. Phila. Indem. Ins. Co.*, 955 F.3d 305, 310 (2d Cir. 2020) (cleaned up). "Thus, an insurer may be required to defend under the contract even though it may not be required to pay once the litigation has run its course." *Id.* (citation omitted). A "defendant has no obligation to defend only if it can be concluded as a matter of law that there is no possible factual or legal basis on which [the] defendant might eventually be held to be obligated to indemnify plaintiff under any provision of the insurance policies." *Id.* (cleaned up). "If the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend." *High Point Design, LLC v. LM Ins. Corp.*, 911 F.3d

---

[1] In their briefs, AIG and Great American assume that New York law governs. "Under New York choice-of-law rules, where the parties agree that a certain jurisdiction's law controls, this is sufficient to establish choice of law." *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 152 (2d Cir. 2016) (cleaned up).

3

89, 95 (2d Cir. 2018) (quoting *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 779 N.E.2d 167, 170 (N.Y. 2002)).

As a preliminary matter, AIG has a presumptive duty to defend because there is "a reasonable possibility of coverage." *Brooklyn Ctr. for Psychotherapy*, 955 F.3d at 310. Even accepting AIG's view that "Wrongful Acts" resulting from a single scheme are always "Related Acts," the state court in the Underlying Lawsuit may conclude that the alleged "Wrongful Acts" on May 22, 2017 (occurring after HSA's acquisition of Houlihan) did not result from a coordinated scheme by Houlihan but from agents breaching duties in distinct sales. These sales would not be "Related Acts" under any definition. This prospect alone means there is a reasonable possibility of coverage, thus triggering AIG's presumptive duty to defend Houlihan.

In any event, to escape its duty to defend, AIG must show that there is no "possible factual or legal basis" for ever concluding that Houlihan's post-acquisition property sale was not a "Related Act," but we believe there is such a basis. *Id.* Plaintiffs' claims in the Underlying Lawsuit share some similarity in that each involves alleged dual agency, but the claims are different in other respects. Plaintiffs allege "Wrongful Acts" relating to transactions that occurred in different years and featured different Houlihan representatives, and the plaintiffs allege different injuries arising from the dual agency. Moreover, some plaintiffs were sellers and others were buyers in the relevant transactions. Given the disparate facts, the acts across the transactions cannot be deemed to be the "same." The acts are not "continuous" because the negligent acts or misleading statements associated with one transaction do not continue over time. The acts do not arise from a common nucleus of facts because the common-sense meaning of that term is facts clustered around a common core, such as a single transaction. Acts in separate transactions, even if prompted by an alleged overall policy, are not part of the same nucleus of facts. Acts connected

4

to a single property sale may be "Related Acts" under the insurance policy, but acts connected to different sales are not. We agree with the district court that a closer connection is required for the alleged "Wrongful Acts" here to be "related." Indeed, cases applying New York law have typically involved a closer factual nexus when events are "Related Acts" under similar provisions of insurance agreements.[2] We thus disagree with AIG that the property sales at issue in the Underlying Lawsuit are the "same, related or continuous" or arise from a "common nucleus of facts." App'x at A-98.

AIG's arguments to the contrary are unavailing. First, AIG contends in a Fed. R. App. P. Rule 28(j) letter that the certification of the plaintiffs' class in the Underlying Lawsuit supports "the conclusion that the Underlying Litigation asserts Related Acts that first occurred before HSA acquired Houlihan." Appellant's Rule 28(j) Letter at 1-2. But AIG points to no authority supporting this proposition. Although plaintiffs' claims may present "questions of law or fact common to the class which predominate over any questions affecting only individual members" and "the claims or defenses of the representative parties are typical of the claims or defenses of

---

[2] *See, e.g.*, *Quanta Lines Ins. Co. v. Inv. Cap. Corp.*, No. 06-CIV-4624, 2009 WL 4884096, at *14 (S.D.N.Y. Dec. 17, 2009) (holding that wrongful acts are related where a single representative sold securities in the same company to different parties); *Zahler v. Twin City Fire Ins. Co.*, No. 04-CIV-10299, 2006 WL 846352, at *7 (S.D.N.Y. Mar. 31, 2009) (holding claims raised in ERISA litigation and separate securities litigation were sufficiently related where they arose from the same "alleged misstatements" by the same corporate officers); *Seneca Ins. Co. v. Kemper Ins. Co.*, No. 02-CIV-10088, 2004 WL 1145830, at *9 (S.D.N.Y. May 21, 2004) (holding that claims were not factually or legally distinct where plaintiffs shared numerous similarities on at least eleven bases, including their similar interactions with the defendant and defendant's lawyer, their similar business models, and their identical antitrust injuries); *Greenburgh Eleven Union Free Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 758 N.Y.S.2d 291, 294 (App. Div. 1st Dep't 2003) (holding that claims were related where they alleged improper disciplinary actions by a school and teachers' union against the teachers and school staff members all in relation to "the same 1994 disturbances"); *Zunenshine v. Exec. Risk Indem., Inc.*, No. 97-CIV-5525, 1998 WL 483475, at *5 (S.D.N.Y. Aug. 17, 1998), *aff'd*, No. 98-9251, 1999 WL 464988 (2d Cir. June 29, 1999) (holding shareholders and noteholders raised related claims where they alleged "virtually identical false statements in reports, press releases, and other public statements" by mostly the same executives during a similar time period).

the class," their claims are nonetheless "unrelated" for purposes of AIG's insurance policy because they do not arise from the "same" transaction. N.Y. C.P.L.R. § 901(a).

Second, AIG raises a policy argument, asking this Court to reverse the district court's judgment on fairness grounds. We decline to do so. According to AIG, the duty to defend Houlihan as to the May 22, 2017 claim has obligated AIG to pay half of Great American's defense costs in the Underlying Lawsuit, which involves claims arising from before Houlihan became AIG's insured. Under New York law, "if any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action." *High Point Design*, 911 F.3d at 95 (cleaned up). But the duty to defend is distinct from the duty to indemnify, and "an insurer may be required to defend under the contract even though it may not be required to pay once the litigation has run its course." *BP Air Conditioning Corp. v. One Beacon Ins. Grp.*, 8 N.Y.3d 708, 714 (2007) (citation omitted).

We have considered the remainder of AIG's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court