Picinich v New York Cent. Mut. Fire Ins. Co. (2023 NY Slip Op 02360)

Picinich v New York Cent. Mut. Fire Ins. Co.

2023 NY Slip Op 02360

Decided on May 4, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 4, 2023

535023 
[*1]William Picinich et al., Appellants,
v
New York Central Mutual Fire Insurance Company, Respondent.

Calendar Date:March 29, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ. 

Finn Law Offices, Albany (Ryan M. Finn of counsel), for appellants.
Rupp Baase Pfalzgraf Cunningham LLC, Buffalo (Marco Cercone of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (John F. Lambert, J.), entered February 17, 2022 in Delaware County, which granted defendant's motion for summary judgment dismissing the complaint.
Plaintiffs purchased a homeowners insurance policy from defendant covering property that they owned. After the property was damaged in a fire in 2019, plaintiffs submitted an insurance claim to defendant, which defendant paid in part. As to plaintiffs' claim regarding personal property damage, defendant requested further information from plaintiffs in order to process that part of their claim. Following further requests for more information, defendant, in September 2020, sent plaintiffs an examination under oath demand letter requesting that plaintiffs submit sworn proof of loss as required by the policy. Having not received the demanded documentation, defendant, in January 2021, disclaimed coverage. In February 2021, plaintiffs submitted a proof of loss, which defendant rejected as untimely. Plaintiffs thereafter commenced this action alleging causes of action for breach of contract and deceptive trade practices under General Business Law § 349. In a pre-answer motion, defendant moved to dismiss the complaint. Supreme Court converted defendant's pre-answer motion to dismiss to a summary judgment motion and ultimately granted it. This appeal ensued.
Turning first to the breach of contract cause of action, defendant tendered, among other things, a certified copy of the insurance policy providing that, within 60 days upon defendant's request, plaintiffs must submit "signed, sworn proof of loss." Defendant's proffer further reflects that it served plaintiffs with a letter requesting sworn proofs of loss and that plaintiffs did not provide a timely response. Given that plaintiffs' failure to file a sworn proof of loss within 60 days of a demand thereof is an absolute defense to an action on an insurance policy absent a waiver by defendant or conduct by defendant evincing estoppel of an assertion of such defense (see Anthony Marino Constr. Corp. v INA Underwriters Ins. Co., 69 NY2d 798, 800 [1987]; Vena v State Farm Fire & Cas. Co., 203 AD2d 790, 790-791 [3d Dept 1994]; see also Insurance Law § 3407 [a]), defendant discharged its summary judgment burden in seeking dismissal of the breach of contract claim (see Ingarra v General Acc./PG Ins. Co. of N.Y., 273 AD2d 766, 767 [3d Dept 2000]; Bailey v Charter Oak Fire Ins. Co., 273 AD2d 691, 692 [3d Dept 2000]; Pioneer Ins. Co. v Deleo, 167 AD2d 795, 796-797 [3d Dept 1990]).
In opposition, plaintiffs relied on a partially typed and handwritten inventory list and a report from their adjuster to demonstrate their claimed personal property damage. Neither of these documents, however, was signed and sworn (see Bailey v Charter Oak Fire Ins. Co., 273 AD2d at 692). Furthermore, to the extent that plaintiffs contend that the insurance policy at issue specifically requires that defendant show that it was prejudiced due to [*2]any noncompliance with the proof of loss provision, an adjuster for defendant tendered an affidavit explaining the inability to investigate plaintiffs' claimed loss and to value the claimed damages. Plaintiffs thus failed to raise an issue of fact with respect to the breach of contract cause of action (see Maleh v New York Prop. Ins. Underwriting Assn., 64 NY2d 613, 614 [1984]; Trexler v American Home Assur. Co., 96 AD2d 686, 687 [3d Dept 1983], affd 63 NY2d 201 [1984]). Plaintiffs' argument that defendant repudiated its defense is unpreserved because such argument is improperly raised for the first time on appeal (see Walker v Glaxosmithkline, LLC, 161 AD3d 1419, 1421 [3d Dept 2018]).
As to the General Business Law § 349 cause of action, the record fails to show that defendant engaged in any deceptive business practices in disclaiming coverage to plaintiffs. To the contrary, the record discloses that defendant was acting in accordance with the terms of the insurance policy. Accordingly, Supreme Court correctly dismissed this cause of action (see Egan v New York Care Plus Ins. Co., 277 AD2d 652, 653 [3d Dept 2000]). Plaintiffs' remaining contentions have been considered and are unavailing.
Egan Jr., J.P., Lynch, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.