■ EDWIN D. GRUNDER et al., Respondents, v RICHARD RECCKIO et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court, Cayuga County, for further proceedings, in accordance with the following memorandum: We agree with Special Term's determination to the extent that it granted plaintiffs' motion to dismiss defendants' affirmative defenses of adverse possession and laches and denied defendants' motion to amend their answer to add the affirmative defense of easement by prescription, for the reasons stated in Special Term's memorandum decision. We disagree with the determination insofar as it dismissed the defense of equitable estoppel. On a motion to dismiss a defense pursuant to CPLR 3211 (b), all of defendant's allegations must be deemed to be true and defendant is entitled to all reasonable inferences to be drawn from the submitted proof (see, Siegel, NY Prac § 269, at 327). If defendants' version of the relevant events in this case is deemed to be true, plaintiffs had knowledge for a period of about 21 years that one of defendants' buildings encroached upon their land because defendants informed plaintiff Edwin Grunder of this fact in 1963, when Grunder's mother still owned the land. When plaintiffs became record owners of the property in 1970 they did nothing to assert their property rights, but, rather, Edwin Grunder assured defendant Richard Recckio that he shouldn't worry about it and that things would be worked out. Further, plaintiffs lived on the adjoining property and watched defendants invest time and money into the development of their farm market busi-

ness on the subject property, never voicing a complaint during their 14 years of ownership until 1984, when they commenced this ejectment action. If defendants' allegations are true (plaintiffs, of course, dispute those assertions), plaintiffs' conduct could be determined to be sufficiently culpable to justify enforcing an equitable estoppel against them *(see, Trenton Banking Co. v Duncan,* 86 NY 221, 230; *Kraker v Roll,* 100 AD2d 424, 433). Because the evidence submitted on this motion presents sharp factual disputes, the resolution of which requires a determination of the credibility of the parties which can only be resolved after a trial, Special Term erred by determining these issues on the papers. (Appeal from order of Supreme Court, Cayuga County, Maas, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Balio and Lawton, JJ.