■ F.H.R. Auto Sales, Inc., Formerly Known as Ridley Ford, Inc., Appellant, v Fedele Scutti et al., Respondents.— Order and judgment unanimously reversed on the law without

costs, defendants' motion denied and plaintiff's cross motion granted, in accordance with the following memorandum: In this landlord-tenant dispute, the complaint alleges that defendants breached the lease by unreasonably withholding consent to a proposed sublease. The amended answer raises as an affirmative defense the claim that plaintiff's failure to maintain the premises in good repair relieved them of any duty to give consent. Following joinder of issue, defendants moved to dismiss the complaint, and plaintiff moved to dismiss the affirmative defense. Both motions sought relief under CPLR 3211 and thus, the pertinent issue was whether a valid claim or defense was stated, not whether one could be proven *(O'Henry's Film Works v Nabisco, Inc.,* 112 AD2d 825; *Paul v Hogan,* 56 AD2d 723).

With respect to the complaint, dismissal was not warranted unless the moving papers conclusively established that no claim existed *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 635; *Bassett Hosp. v Hospital Plan,* 89 AD2d 240, 243). Because conflicting affidavits were submitted regarding whether defendants unreasonably withheld consent, Special Term erred by resolving that issue on the papers *(Grunder v Recckio,* 138 AD2d 923, 924). Moreover, plaintiff's claim was not rendered moot by a subsequent sale of the property to the proposed sublessee. The affirmative defense alleges, in effect, that defendants never had any obligation to give consent in the first instance because plaintiff's performance of the duty to repair was a condition precedent to the duty to give consent. This claim lacks merit. Whether the covenant to repair was a condition precedent rests upon whether the provisions concerning repair and consent were dependent covenants *(see, Broad Props. v Wheels Inc.,* 43 AD2d 276, 279, *affd* 35 NY2d 821). This is determined by the intention of the parties as expressed in the lease *(56-70 58th St. Holding Corp. v Fedders-Quigan Corp.,* 5 NY2d 557, 563), not by the mere existence of both provisions in the same lease. It is undisputed that the giving of consent was not expressly conditioned upon plaintiff's performance of repairs, and defendants have not suggested any construction of the lease that would support their claim. In sum, the defense that defendants never had a duty, as a matter of law, to even consider whether to consent is without merit and should have been dismissed.

Completely separate from the legal issue asserted in the affirmative defense, the moving papers and pleadings raise a different issue concerning the relationship between these two covenants. Defendants affirmatively promised not to unreason-

ably withhold consent and thus, could withhold consent only based upon a consideration of objective factors *(see, American Book Co. v Yeshiva Univ. Dev. Found.,* 59 Misc 2d 31; 1 Rasch, New York Landlord and Tenant—Summary Proceedings § 9:98 [3d ed]). In seeking consent, plaintiff submitted a document to defendants for their signatures. This document expressed not only consent to the sublease, but also an acknowledgment that plaintiff was not in default under the lease. Under these unique circumstances, we conclude that a factual issue exists regarding whether, based upon the form of the proposed consent document, defendant could reasonably refuse to sign it. There is a separate factual issue whether there was a failure to make repairs. Our dismissal of the first affirmative defense should not be construed as a ruling on either of these issues. Accordingly, we reverse, deny defendants' motion to dismiss and grant plaintiff's cross motion to dismiss the first affirmative defense. (Appeal from order and judgment of Supreme Court, Monroe County, Cornelius, J.—dismiss complaint.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.