■ NNA RESTAURANT MANAGEMENT LLC, Respondent, v MAHROKH ESHAGHIAN et al., Respondents, and NOLITA OASIS, INC., Intervenor Appellant. [815 NYS2d 499]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered August 8, 2005, which, in an action by a commercial tenant against its landlord for a *Yellowstone* injunction, after a nonjury trial, inter alia, dismissed intervenor defendant-appellant's cross claims against landlord for injunctive relief compelling landlord's consent to tenant's assignment of the lease to appellant, and for damages based on landlord's tortious interference with such assignment, unanimously affirmed, without costs.

So much of the appeal as concerns appellant's cross claim for injunctive relief has been rendered moot by tenant's surrender of the lease to landlord subsequent to the entry of the order on appeal. We note law of the case that appellant is not a third-party beneficiary of the lease and cannot compel landlord's consent to the assignment in that capacity. Assuming appellant has a claim for tortious interference with contract or business relations based on landlord's alleged unreasonable withholding of consent, such claim was properly dismissed upon findings that when the assignment was first proposed after tenant's institution of the instant action, tenant was in default of its rent obligation, and that landlord's withholding of consent therefore was not unreasonable (*see Sayed v Rapp*, 10 AD3d 717, 720 [2004]; *cf. F.H.R. Auto Sales v Scutti*, 144 AD2d 956, 958 [1988]). Tenant's proposed payment of a sum of money in exchange for landlord's release of tenant's lease obligations and

consent to the assignment would have transformed the proposed assignment into a novation, for which landlord was not required to act reasonably. In any event, as the judicial hearing officer also found, even if tenant were not in default of its lease obligations, landlord's withholding of consent was reasonably based on appellant's and tenant's failure to provide appropriate information about appellant (*see 200 Eighth Ave. Rest. Corp. v Daytona Holding Corp.*, 293 AD2d 353 [2002]). We have considered and rejected appellant's other arguments. Concur—Tom, J.P., Andrias, Friedman, Williams and Sweeny, JJ.