# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**403**

**CA 10-02141**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

---

MICHAEL STOPANI AND WENDY STOPANI,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

ALLEGANY CO-OP INSURANCE COMPANY,
DEFENDANT-APPELLANT.

---

TRAYNOR, SKEHAN AND MARKS, ROCHESTER (JEFFREY H. MARKS OF COUNSEL),
FOR DEFENDANT-APPELLANT.

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFFS-RESPONDENTS.

-------------------------------------------------------------------------------------

Appeal from an order (denominated decision) of the Supreme Court, Monroe County (William P. Polito, J.), entered July 13, 2010 in a breach of contract action. The order granted the motion of plaintiffs to dismiss defendant's ninth affirmative defense.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the ninth affirmative defense is reinstated.

Memorandum: In this breach of contract action involving a dispute over fire insurance coverage, plaintiffs moved to dismiss the ninth affirmative defense alleging that defendant insurer properly disclaimed coverage based on plaintiffs' failure to submit sworn proof of loss within the time limit set forth in the insurance policy. We agree with defendant that Supreme Court erred in granting the motion. Pursuant to CPLR 3211 (b), a plaintiff may move to dismiss a defense on the ground that it has no merit (*see Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723). When reviewing a motion to dismiss an affirmative defense, "all of defendant's allegations must be deemed to be true and defendant is entitled to all reasonable inferences to be drawn from the submitted proof" (*Grunder v Recckio*, 138 AD2d 923, 923). The motion must be denied if there is any doubt with respect to the availability of a defense (*see Nahrebeski v Molnar*, 286 AD2d 891).

Here, pursuant to the insurance policy, plaintiffs were required to submit proof of loss within 60 days of defendant's demand for such proof. Defendant submitted evidence in support of the motion establishing that plaintiffs received its demand for proof of loss in the mail on March 6, 2009. Specifically, defendant's claims manager averred in an affidavit that plaintiff Michael Stopani called her on that day and acknowledged receipt of the demand letter, which was sent

by defendant two days earlier via regular first class mail.  On March 9, 2009, plaintiffs received another copy of the demand letter sent to them by certified mail.  It is undisputed that plaintiffs did not submit proof of loss to defendant until May 8, 2009, which was more than 60 days from their alleged receipt of the first letter but fewer than 60 days from their admitted receipt of the second letter.

As a general rule, "[w]hen an insurer gives its insured written notice of its desire that proof of loss under a policy of fire insurance be furnished and provides a suitable form for such proof, failure of the insured to file proof of loss within 60 days after receipt of such notice, or within any longer period specified in the notice, is an absolute defense to an action on the policy" (*Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201, 209-210; *see Turkow v Erie Ins. Co.*, 20 AD3d 649, 649-650).  Where, as here, the insurer's demand for proof of loss is sent by two different methods on the same day, the 60-day period should be measured from the date the insured first receives the demand letter.  This rule is consistent with the reciprocal principle that "the moment from which the timeliness of an insurer's disclaimer is measured is the date on which it *first* receives information that would disqualify the claim" (*2540 Assoc. v Assicurazioni Generali*, 271 AD2d 282, 283 [emphasis added]).  If the rule were otherwise, an insured could extend indefinitely the time within which he or she is required to submit proof of loss by simply refusing to accept the demand letter sent by certified mail.  Because defendant alleged that plaintiffs failed to submit proof of loss within 60 days of their first receipt of the demand letter, it cannot be said that defendant's ninth affirmative defense lacks merit.

With respect to the court's conclusion that, even if the 60-day period is measured from plaintiffs' first receipt of the demand letter on March 6, 2009, the delay is "de minimis and excusable under contract law," we agree with defendant that such a conclusion is contrary to the rule that the failure to comply with a demand for proof of loss within 60 days serves as "an absolute defense to an action on the policy" (*Igbara Realty Corp.*, 63 NY2d at 210).

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court