# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**711**
**CA 11-01520**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

HAROLD ALEXANDER, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

NEW YORK CENTRAL MUTUAL, DEFENDANT-RESPONDENT.

---

MICHAEL J. KIEFFER, ROCHESTER, FOR PLAINTIFF-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (TIMOTHY P. BARNA OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (David Michael Barry, J.), entered March 25, 2011. The judgment granted the motion of defendant for summary judgment.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the provision dismissing the complaint and granting judgment in favor of defendant as follows:

> It is ADJUDGED and DECLARED that defendant is not obligated to indemnify plaintiff for any property theft losses arising from the burglary of plaintiff's residence on December 19, 2008,

and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a judgment declaring, inter alia, that defendant is obligated to indemnify plaintiff for the property theft losses resulting from the burglary of his home. Supreme Court properly resolved the merits of the action in favor of defendant, but erred to the extent that it granted defendant's motion for summary judgment dismissing the complaint rather than declaring the rights of the parties (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954), and we therefore modify the judgment accordingly. "When an insurer gives its insured written notice of its desire that proof of loss under a policy of . . . insurance be furnished and provides a suitable form for such proof, failure of the insured to file proof of loss within 60 days after receipt of such notice, or within any longer period specified in the notice, is an absolute defense to an action on the policy, absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense" (*Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201, 209-210; *see* Insurance Law § 3407 [a]; *Aryeh v Westchester Fire Ins. Co.*, 138 AD2d

337, 338, *lv denied* 73 NY2d 703).  It is undisputed that defendant demanded that plaintiff submit a sworn proof of loss and provided the necessary form, and that plaintiff failed to comply with the demand. Defendant therefore has an absolute defense to the action on the policy (*see Anthony Marino Constr. Corp. v INA Underwriters Ins. Co.*, 69 NY2d 798, 800; *Stopani v Allegany Co-op Ins. Co.*, 83 AD3d 1446, 1447; *Bailey v Charter Oak Fire Ins. Co.*, 273 AD2d 691, 692).

Contrary to plaintiff's contention, his unsworn statement of loss and receipts for the stolen items were not sufficient to comply with the demand (*see Maleh v New York Prop. Ins. Underwriting Assn.*, 64 NY2d 613, 614; *Darvick v General Acc. Ins. Co.*, 303 AD2d 540; *Aryeh*, 138 AD2d at 338).  The policy required that plaintiff provide defendant, "within 60 days after [its] request, your signed, sworn proof of loss," and thus the "unsworn statement[] of loss do[es] not satisfy the contractual or statutory requirement to serve defendant[] with sworn proofs of loss" (*Bailey*, 273 AD2d at 693).

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court