Finley v Erie & Niagara Ins. Assn. (2018 NY Slip Op 04474)





Finley v Erie & Niagara Ins. Assn.


2018 NY Slip Op 04474


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


702 CA 17-02031

[*1]RUSSELL J. FINLEY, PLAINTIFF-APPELLANT,
v
ERIE AND NIAGARA INSURANCE ASSOCIATION, DEFENDANT-RESPONDENT. 






DOUGLAS WALTER DRAZEN, BINGHAMTON, FOR PLAINTIFF-APPELLANT.
CABANISS CASEY LLP, ALBANY (BRIAN D. CASEY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered February 6, 2017. The order, inter alia, granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this breach of contract action arising from defendant's denial of a claim made by plaintiff on a fire insurance policy, plaintiff appeals from an order that, inter alia, granted defendant's motion for summary judgment dismissing the complaint. Contrary to plaintiff's contention, Supreme Court properly granted the motion.
Initially, we note that plaintiff failed to preserve for our review his contentions that the court erred in considering sworn statements submitted by plaintiff's first attorney, and that defendant is estopped from asserting the lack of a sworn proof of loss as an affirmative defense because defendant extended a settlement offer prior to litigation. Those contentions may not be raised for the first time on appeal where, as here, they " could have been obviated or cured by factual showings or legal countersteps' " in the motion court (Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]). We further note that, at oral argument before the motion court, plaintiff withdrew his cross motion, and he therefore has waived his present contention with respect to the cross motion (see e.g. Andrew v Hurh, 34 AD3d 1331, 1331-1332 [4th Dept 2006], lv denied 8 NY3d 808 [2007], rearg denied 8 NY3d 1017 [2007]; Grimaldi v Spievogel, 300 AD2d 200, 200 [1st Dept 2002]).
We reject plaintiff's contention that the court erred in granting the motion. " It is well settled that the failure to file sworn proofs of loss within 60 days of the demand therefor constitutes an absolute defense to an action on an insurance policy absent a waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense' " (Bailey v Charter Oak Fire Ins. Co., 273 AD2d 691, 692 [3d Dept 2000]; see Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 209-210 [1984]; Alexander v New York Cent. Mut., 96 AD3d 1457, 1457 [4th Dept 2012]). Defendant, as the party seeking summary judgment, met its initial burden on the motion by establishing that plaintiff failed to provide a sworn proof of loss within the requisite time (see generally Schunk v New York Cent. Mut. Fire Ins. Co., 237 AD2d 913, 914 [4th Dept 1997]), and that defendant did not waive the requirement. In response, plaintiff failed to raise a triable issue of fact whether he substantially complied with the proof of loss requirement (cf. Delaine v Finger Lakes Fire & Cas. Co., 23 AD3d 1143, 1144 [4th Dept 2005]).
We reject plaintiff's contention that he raised a triable issue of fact by submitting his deposition testimony in which he averred that he timely submitted the requisite proof of loss to [*2]defendant, and that the court made an improper credibility determination in rejecting that testimony and his testimony regarding a lack of knowledge of the cause of the fire. Although "we agree with the general premise that credibility is an issue that should be left to a [factfinder] at trial, there are of course instances where credibility is properly determined as a matter of law' " (Sexstone v Amato, 8 AD3d 1116, 1116 [4th Dept 2004], lv denied 3 NY3d 609 [2004]). Neither this Court nor the motion court is " required to shut its eyes to the patent falsity of a defense' " (id., quoting MRI Broadway Rental v United States Min. Prods. Co., 242 AD2d 440, 443 [1st Dept 1997], affd 92 NY2d 421 [1998]). Here, we conclude that the court properly determined that plaintiff's deposition testimony was "self-serving and incredible on these points, permitting summary judgment in favor of" defendant (Curanovic v New York Cent. Mut. Fire Ins. Co., 307 AD2d 435, 439 [3d Dept 2003]; see Rickert v Travelers Ins. Co., 159 AD2d 758, 759-760 [3d Dept 1990], lv denied 76 NY2d 701 [1990]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court