Besen v Farhadian (2021 NY Slip Op 04080)





Besen v Farhadian


2021 NY Slip Op 04080


Decided on June 24, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 24, 2021

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Index No. 652691/18 Appeal No. 12691 Case No. 2019-04036 

[*1]Michael Besen et al., Plaintiffs-Respondents,
v
Robert Farhadian, Defendant-Appellant, Amit Doshi et al., Defendants, 94-16 34 Road LLC, et al., Nominal Defendants, New York 2000 LLC, et al., Nominal Counterclaim Defendants.


Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Jeffrey A. Miller of counsel), for appellant.
Tannenbaum Helpern Syracuse & Hirschtritt, LLP, New York (Michael P. Regan of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered August 22, 2019, which, to the extent appealed from as limited by the briefs, denied defendant Robert Farhadian's motion to dismiss the cause of action for a permanent injunction and so much of the cause of action for breach of fiduciary duty as is premised on the purchase of a mortgage debt, unanimously reversed, on the law, with costs, and the motion granted.
This appeal arises from a business dispute between members of a limited liability company as to how best to allocate resources. At issue is whether a co-managing member breaches his fiduciary duty by refusing to consent to refinance the mortgage and instead obtains an assignment of the mortgage. We find that, under the circumstances of this case, a claim for breach of fiduciary duty has not been stated.
Plaintiff Michael Besen (Besen) and defendants Robert Farhadian (Farhadian) and Amit Doshi (Doshi) are each one-third members of 94-16 34 Road, LLC (the LLC), whose sole asset is a six-story multi-family apartment building (the property). The LLC was formed under the Limited Liability Company Operating Agreement (Operating Agreement). Farhadian and Doshi are managing members of the LLC. Besen and Doshi are the principals of the property's former management company, New York City Management LLC (NYCM).
The amended complaint alleges that NYCM repeatedly advised Doshi and Farhadian for several years that the property needed repairs and improvements. In early 2017, Besen obtained a mortgage commitment from Signature Bank for $3.6 million that would pay off the mortgage, replacing it with a new mortgage and providing additional funds to make the necessary repairs and renovations, as well as resolve outstanding legal fees. Doshi and Farhadian, however, would not agree to refinance the mortgage and would not provide the money for necessary repairs, preferring instead to extend the existing mortgage debt. The mortgage was due on April 7, 2017 and was extended until October 1, 2017.
On or about September 28, 2017, without telling Besen, Doshi and Farhadian formed a new entity, Jackson Partners LLC (Jackson). On or about September 29, 2017, on the eve of the date the loan was due, Astoria Federal Savings and Loan (Astoria), the bank then holding the mortgage on the property, assigned its interest to Jackson. On or about November 14, 2017, Jackson commenced a foreclosure action against the LLC with respect to the mortgage on the property in Supreme Court, Queens County.
The twenty-first cause of action is for breach of fiduciary duty against Doshi and Farhadian. Besen alleged that defendants owed him a fiduciary duty that was willfully breached, in bad faith, to benefit defendants. The twenty-third cause of action sought to permanently enjoin Jackson, Doshi, and Farhadian from taking any steps to foreclose on the property, and to compel Doshi and Farhadian to sign the necessary documents to refinance the mortgage [*2]on the property. Farhadian moved to dismiss these claims under CPLR 3211(a)(1) and (7). Supreme Court denied Farhadian's motion and Farhadian appealed.[FN1]
On a motion to dismiss, the pleading is to be afforded a liberal construction (see Leon v Martinez, 84 NY2d 83, 87 [1994]). "We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (id. at 87-88). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]).
"To state a claim for breach of fiduciary duty, plaintiffs must allege that (1) defendant owed them a fiduciary duty, (2) defendant committed misconduct, and (3) they suffered damages caused by that misconduct" (Burry v Madison Park Owner LLC, 84 AD3d 699, 699-700 [1st Dept 2011]).
Besen has failed to adequately plead the damages that flow from any alleged breach of fiduciary duty (see Beradi v Beradi, 108 AD3d 406, 406-407 [1st Dept 2013], lv denied 22 NY3d 861 [2014]; Burry, 84 AD3d at 700). Besen argues that the purchase of the note and mortgage by Farhadian and Doshi through Jackson "as part of a plan to commence a foreclosure proceeding against their own company, deprive the Company of a legal defense, abscond with the Company's sole asset as part of a rigged foreclosure process and generate default rate interest" constituted self-dealing and bad faith.
However, as the amended complaint states, the loan was already an encumbrance on the property and needed to be paid off shortly. After the loan was assigned to Jackson, the creditor changed but it still needed to be paid off. Instead, the matter is now resolved, the property was not sold in a "rigged" process or at all, the debt has been paid, and the LLC still has the property as its asset. There is no allegation in the amended complaint that the LLC was required to pay a default interest rate. In short, aside from speculation, Besen does not allege any damage by the managing members' purchase of the note and mortgage.
Finally, the claim for a permanent injunction is moot (see e.g. NNA Rest. Mgt. LLC v Eshaghian, 29 AD3d 384 [1st Dept 2006]). We take judicial notice of the determination in the related foreclosure action that the foreclosure has now been resolved and dismissed by payment of the underlying indebtedness (Jackson Partners LLC v 94-16 34 Road LLC [Sup Ct, Queens County, index No. 715767/17]). Plaintiff's contention about the relief he seeks in this cause of action is an impermissible attempt to amend his complaint via his appellate brief (see Genger v Genger, 121 AD3d 270, 281 [1st Dept 2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE [*3]DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2021



Footnotes

Footnote 1: Doshi is not a party to this appeal.